92   535
d120 982
92   535
d123 826

## SHEATS v. THE CITY OF ROME.

Although it was gross negligence for the municipal authorities of a city, after causing a ditch five feet wide and three or four feet deep to be cut across a public sidewalk, to leave it open, in this condition, for several weeks, a female who was perfectly aware of the existence, width and depth of the ditch, and who either attempted to jump across it, or stepped into the bottom of it on a rock and tried to step out, and was thus injured, has no right of action against the city. It is clear that by the exercise of ordinary care on her part the injury might have been avoided.

July 18, 1893.                                        *Judgment affirmed.*

Action for damages. Before Judge TURNBULL. City court of Floyd county. September term, 1892.

The petition of Maud Sheats against the City of Rome was dismissed upon the ground that it set forth no cause of action. It alleged as follows: Plaintiff occupied a dwelling on a road which runs through the 4th ward of Rome. The city authorities constructed a ditch on the side of her house, from a pond of water near by in rear of the house, running east of the house, crossing the sidewalk and emptying itself in the road and a culvert under it. Before, the ditch crossed the sidewalk at a point between the house and the city, and was widened and deepened thereat by the city; pedestrians using the sidewalk passed safely over the ditch by means of a stone bridge, and plaintiff had frequently done this. About three weeks prior to July 12, 1890, this bridge was removed from the sidewalk by defendant, and the ditch was left open and unprotected, without any means of crossing except by jumping over it, by sliding into the ditch from one side and climbing the bank on the other, or by leaving the sidewalk and taking to the highway. The former mode was rendered more difficult and hazardous, because defendant opened the ditch at said point wider and slanted the top or edges on either side and deepened it at the bottom, making it

lower than the culvert under the road, its side ditches and the ditch extending back to the pond. Where the ditch crossed the sidewalk it was three or four feet deep and five feet wide. After the crossing was removed and the ditch widened and deepened and left open as above mentioned, all of which constituted willful negligence and gross carelessness, as well as wrongful conduct on the part of defendant, plaintiff, when the weather would permit, would from motives of caution leave the sidewalk at the ditch and go into the highway to get safely across or around it. At a late hour on July 12, 1890, she started from her home to a neighbor's. Much rain having recently fallen, she could not go around the ditch by the highway, because the side ditch between the sidewalk and road-bed had water standing in it, and the low road-bed between the side ditches and high road-bed was very muddy, with water standing over it in places. Therefore she was forced to try to step or jump over the ditch where it crossed the sidewalk. She made the best effort she could, and, without any fault or want of due care on her part, her foot lost its hold on the slippery slant at the top on the opposite side of the ditch and she fell with much force into the muddy ditch (from which fall certain described injuries resulted). The ditch remained open about six weeks afterwards. The bridge mentioned may have been plank. She stepped into the bottom of the ditch on a rock and tried to step out and fell. She used caution and prudence to avoid the injury, and her suffering and injuries were the result of no negligence or fault on her part.

HENRY WALKER, by brief, for plaintiff.
R. A. DENNY, for defendant.