## CITY OF COLUMBUS *v.* GRIGGS, administratrix.

1. One who knowingly and voluntarily takes a risk of physical injury the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence.
2. Taking that view of the evidence which is most favorable to the plaintiff in the present case, it falls within the principle above announced ; and consequently the verdict against the defendant was wholly unauthorized.

Argued May 4, — Decided May 24, 1901.

Action for damages. Before Judge Butt. Muscogee superior court. August 31, 1900.

*F. D. Peabody* and *L. F. Garrard,* for plaintiff in error.
*McNeill & Levy,* contra.

LUMPKIN, P. J. This case comes here upon exceptions to a judgment overruling a motion for a new trial, which contains many grounds. It is unnecessary to pass upon them in detail; for the verdict was wholly unwarranted by the evidence, and it is apparent from the record that the case can not at another hearing present any aspect materially different from that in which it now appears. Dr. Griggs brought an action against the City of Columbus, for personal injuries resulting from its alleged negligence in failing to put in a safe condition for travel a portion of a street which had been rendered unsafe by reason of certain work done therein, with the city's permission, by a railway company. Pending the action the plaintiff died, and his administratrix was made a party in his stead. Taking the most favorable view of the evidence which could be fairly entertained in her behalf, it affirmatively appeared that it was palpably and obviously dangerous to attempt to drive at night over that place in the street at which the injury occurred. Nevertheless the deceased, with full and accurate knowledge of this fact, voluntarily, on a very dark night, accompanied another, who had like knowledge, in a buggy which the latter undertook to drive over that place. As a result the buggy was thrown over an embankment and Dr. Griggs was seriously injured. Both occupants of the buggy were perfectly familiar with the situation and fully aware of the danger. They actually discussed it but a few moments before the catastrophe happened. Not only

was the night exceedingly dark, but the ground was covered with snow, which circumstance, the record discloses, manifestly increased the hazard and actually contributed to bringing about the casualty. Granting that the negligence of the city was fully established, it is certainly true that Dr. Griggs and his companion were wanting in ordinary care and diligence. They both knowingly and deliberately took a risk the danger of which, to any person of common prudence, would have been plain and obvious. It further appeared that they did so without excuse, for there was no emergency constraining them to travel over the dangerous place, and they had the choice of other routes to their destination, some of which were perfectly safe, and any one of which was, under the circumstances, unquestionably safer than that which they chose. The law by which this case should be controlled was fully discussed by the writer in *Samples* v. *Atlanta*, 95 *Ga.* 110. It is, in substance, that a traveler exercising due care may, although he knows there is some danger in driving over a defective portion of a street which a city has negligently failed to put in safe condition, recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the place in question, in and of itself, amounts to a want of ordinary care and diligence. Certainly, a man can not heedlessly rush into grave peril of the existence of which he is perfectly aware, and then hold any one else, whether negligent or not, responsible for the consequences.

The court below ought to have granted a new trial on the ground that the verdict was not warranted by the evidence.

*Judgment reversed. All the Justices concurring.*