## KENT *v.* SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY.

1. Where, with full knowledge of the existence of a ditch in a highway, and without any emergency requiring it to be crossed, one endeavors to pass over the excavation, he will be treated as having voluntarily assumed all of the usual risks incident to the attempt.

2. In such a case he can not recover for damages occasioned by stepping or stumbling into the excavation, slipping from the wet or loose dirt on the bank to the bottom of the trench, or, by reason of inability or miscalculation, failing safely to step to the opposite side.

3. But while a pedestrian is charged with the assumption of the ordinary risks of attempting to pass such an excavation, he does not assume the danger occasioned by latent and unknown defects, such as those caused by an undermining, whereby the bank caved when the crossing was attempted.

4. The petition alleged, that the ditch was three feet wide at the top and six feet wide at the bottom, that this defect was known to the defendant and unknown to the plaintiff, who could not have discovered the same by the exercise of ordinary care, and that the bank caved in as she attempted to step across the excavation, causing serious personal injuries.    The petition set out a cause of action.

Submitted July 14,—Decided August 12, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    October 31, 1903.

Lula Kent sued the Southern Bell Telephone and Telegraph Company for damages on account of personal injuries, alleging, that for the purpose of laying its wires and conduits, the company dug a ditch one hundred yards in length, six feet deep, and three feet wide at the top, along Pryor street in the city of Atlanta; that about 371 South Pryor street, there was an alley or cross street which ran into and across Pryor street, where the ditch had been dug; that the plaintiff came along the cross street and went to pass into Pryor street, and it became necessary to cross and pass over the ditch dug by the company, and as she approached said excavation and went to step across, the dirt embankment which constituted the side of the excavation gave way and fell in, throwing her into the excavation, where she was injured by the

fall.    By amendment it was alleged, that the ditch was twice as wide at the bottom as it was at the top; that while it appeared safe and sound on the top, the excavation was so dug that the embankments were weak and without supports, and fell in when the plaintiff crossed over the ditch, placing her foot on the top of the embankment.    It was alleged, that the company was negligent in digging the ditch so as to make it apparently safe at the top, but in fact dangerous because of its tendency to cave by reason of the incline from the bottom to the top; in leaving it in such a hazardous condition where pedestrians coming from the cross street would be compelled to step over it; in failing to put planks, or other means of walking, over the same; and in failing to have guards or barriers to notify pedestrians that the place was dangerous; that the company knew that the place was dangerous, or could have known thereof by the use of ordinary care; and that the plaintiff did not know of the danger, and could not have known of it by the exercise of ordinary care, and was without fault.    The defendant demurred on the ground, that no cause of action was set forth; there was no sufficient allegation of negligence on the part of the company; there was no allegation of any fault on the part of the company; there was no allegation how any of the street was dug up; and there was no allegation that the defendant failed to discharge its duty in every respect.    The court ordered that the general demurrer to the petition as amended be sustained. · The plaintiff excepted.

S. C. Tapp, for plaintiff, cited Beach on Contrib. Neg. (2d ed.) 39, 40, § 22, 4 A. & E. Enc. L. (1st ed.) 34, § 16, 36, n. 3; Shearm. & Redf. Neg. (5th ed.) §§ 54, 99; Ga. R. 17/136; 59/544; 94/420; 95/110; 82 Ind. 147; 7 Iowa, 488; 131 Mass. 169.

Hunt Chipley and Dorsey, Brewster & Howell, for defendant, cited Civil Code, § 3830; Ga. R. 17/136; 19/440; 95/112; 101/223-4; 107/347; 108/270; 110/89, 165; 111/814; 112/70, 185, 187; 113/597; 118/256, 525, 795; 45 N. E. 363; 11 East, 60; Thomp. Neg. § 186.

LAMAR, J.    (After stating the foregoing facts.)    The petition alleges that the Telephone Company, in South Pryor street, Atlanta, dug a ditch 100 yards in length, three feet wide at the

top, but twice as wide at the bottom.  The plaintiff came thereto from a narrow cross street.  Whether the 'mouth of this alley opened near the middle or at the end of the ditch did not appear. The company contends that as there was no allegation of an emergency, the plaintiff could have gone around the end of the excavation, instead of attempting to cross the visible obstruction, and that she can not recover, because by the exercise of ordinary care she could have avoided the consequences of the defendant's negligence.  This is undoubtedly true as to all risks which, in theory of law, she assumed in attempting to cross the excavation. If she had fallen into the ditch by a misstep; if she had slipped from the loose dirt to the bottom of the trench; if, in attempting to jump, she had failed to reach the other edge, because of inability or miscalculation, she would undoubtedly have been debarred of the right to recover; she knew what was before her; with full knowledge she assumed the risk, and could not put the injurious consequences upon another, even though that other had been at fault in creating the condition out of which her damage arose. · But the petition does not make such a case.  She was not injured because she was unable to step across or jump across the trench.  Nor was she injured because she slipped into the excavation.  But she was damaged by reason of a latent condition which she alleges was not known, and by the exercise of ordinary care on her part could not have been known.  According to the pleading, the ditch was undermined.  It was so much wider at the bottom than at the top as to make the earth cave when she went to step across.  She is charged with the assumption of known risks.  But she sues for injuries occasioned by unknown dangers.  According to the admissions of the demurrer, they were well known to the defendant.  These allegations take the case out of the rule declared in *Sheats* v. *Rome*, 92 *Ga.* 535; *Cook* v. *Atlanta*, 94 *Ga.* 613.  It is like one attempting to step across an opening in a bridge.  He would assume the ordinary risks incident to that act.  But if in doing so he was injured because a rotten plank broke, he could recover for the damage occasioned by the latent defect, even though it had been inflicted while he was in the act of stepping.  It was not the visible opening, but the rotten plank, which was the proximate cause.  Compare *Samples* v. *Atlanta*, 95 *Ga.* 110.

There are, of course, many cases where the facts stated in a petition, or appearing on motion for a nonsuit, may be of such a character as to warrant the judge in deciding, as matter of law, that the plaintiff has been guilty of such negligence as to defeat the right to recover. But not every excavation in a street is of such a character as to make it negligence per se to attempt to cross it. It may be so narrow, or the condition of the excavation and the situation of the parties may be such, as to warrant a prudent man in attempting to pass. Or, if the dangers assumed prevent a recovery for injuries occasioned thereby, it may not defeat a recovery for injuries occasioned by latent and unknown conditions, the risk from which may not have been assumed. " Where the facts are complicated or unusual," the question as to the defendant's liability for an injury occasioned by the excavation should be submitted to the jury (1 Thomp. Neg. 1127), to determine whether the defendant was guilty of negligence not discoverable by the plaintiff in the exercise of ordinary care, whether the plaintiff was herself guilty of negligence and injured as the result thereof, whether the injury was occasioned by the attempt to cross the ditch, or by the dirt caving in, and whether this was the result of some improper, unusual, or dangerous method of digging the ditch, or whether, on the other hand, the liability to cave was known or was such a natural result of the construction as to charge the plaintiff with notice thereof when she attempted to make the crossing.

*Judgment reversed. All the Justices concur.*