## IDLETT *v.* CITY OF ATLANTA.

1. It is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition so that persons can pass along them in the ordinary methods of travel in safety.
2. If a defect in a sidewalk in a city has existed for such a length of time that by reasonable diligence in the performance of their duties the defect ought to have been known by the proper authorities, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the municipality liable for injuries occasioned thereby.
3. Ordinary diligence on the part of a person passing along a sidewalk of a public street of a municipal corporation, and ordinary diligence on the part of the corporation in constructing and repairing the sidewalk, do not imply a like degree of vigilance in foreseeing danger and guarding against it.
4. The allegations of the declaration in this case did not show that the plaintiff could have avoided the injury to herself by the use of ordinary care, and that she failed to exercise such care, so as to authorize a dismissal of the case on demurrer.

Argued June 17, — Decided August 4, 1905.

Action for damages. Before Judge Reid. City court of Atlanta. January 30, 1905.

Celia Idlett brought suit against the City of Atlanta to recover damages on account of a personal injury. She alleged as follows:

In the sidewalk of one of its public streets there was a hole about six feet long next to the inside of the walk, crescent shaped, and about three feet wide at the widest point, extending from about one half to one third of the way across the pavement. At or near the inner margin of the sidewalk the hole was about two feet deep, but it grew shallower as the center of the walk was approached, and that part of the hole lying furthest from the fence was about ten or twelve inches deep. At this point the street was built up of "made earth," and the brick pavement rested on it. The defective condition of the sidewalk had existed for about six months, and the defendant knew of it, or should have known of it by the exercise of ordinary care. Defendant negligently failed to exercise ordinary care to keep the street and sidewalk in a reasonably safe condition for travel in the ordinary mode by day and night. The leaving of a hole in a public sidewalk in a thickly settled part of the city was gross negligence. The defendant knew that the earth under the bricks was "made earth," and knew or ought to have known that the hole was surrounded by perpendicular walls consisting of "made earth" covered with brick, and that this had a tendency to cave in and fall. It was the duty of the city to fill up the hole, and to repair the street so that caving could not have taken place. The hole was near the plaintiff's house, and she knew of it. She arose early one morning and started along the street to attend to some business. "As petitioner approached said hole she bore to the right, leaving said hole six or eight inches to the left. She was thinking about her business, and at the same time was in a sense conscious of the existence of the hole, and attempted to pass by the widest part of the said hole at least five to ten inches to her left. At other points she was from two to three feet from the hole. The brick that gave way under petitioner's foot was opposite the widest part of the hole. Petitioner was thinking about her work, at the same time she was in some sense conscious of the hole, and walked, as she thought, a sufficient distance from the edge of the hole, to pass by it. She was not especially thinking about the hole, but merely passed around it with her mind on her business, with the subconsciousness of the hole." She is an old negro woman and very ignorant. " It never once occurred to her that the hole would cave in, and she was exercising care at the time she got injured." The nature and extent of the injury were alleged.

The defendant demurred to the declaration, on the following grounds in substance: First, under the allegations of the petition the defendant is not liable; second, it appears that the plaintiff was injured by her own lack of care; third, it appears that the plaintiff well knew of the defect of which she complained, that in full daylight she walked into it, or so near to it as to be injured, and hence she alone was responsible for the injury; and fourth, it does not appear that the city knew, or could have known by the exercise of due care, of the defect. The demurrer was sustained, and the case dismissed. The plaintiff excepted.

*O. E. & M. C. Horton*, for plaintiff.

*James L. Mayson* and *William P. Hill*, for defendant.

LUMPKIN, J. (After stating the facts.)   1–3. It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel in safety. *Bellamy* v. *Atlanta*, 75 *Ga.* 167. If a defect in a sidewalk of a municipal corporation has existed for such a length of time that by reasonable diligence in the performance of their duties the defect ought to have been known by the corporate authorities, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the municipality liable for injuries occasioned thereby. *Mayor etc. of Atlanta* v. *Perdue*, 53 *Ga.* 607; *Chapman* v. *Macon*, 55 *Ga.* 566; *Dempsey* v. *Rome*, 94 *Ga.* 420; *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 152. Ordinary diligence on the part of a person passing along the sidewalk of a public street of a municipal corporation, and ordinary diligence on the part of the corporation in constructing and repairing the sidewalk, do not imply a like degree of vigilance in foreseeing danger and guarding against it. *Wilson* v. *Atlanta*, 63 *Ga.* 291, s. c. 59 *Ga.* 544. Although a municipality may be negligent in permitting a defect to remain in a sidewalk, a traveler must exercise ordinary care under the circumstances. "The fact that a traveler voluntarily attempts to pass, with knowledge of the defect or obstruction, is not ordinarily conclusive evidence of a want of due care; but if he has or ought to have notice thereof, he must exercise such care as the circumstances demand, and if an ordinarily prudent person would not attempt to pass, under the circumstances, he will be guilty of con-

tributory negligence." Elliott on Roads and Streets, § 636. In a note the author says: "Knowledge of the existence of the defect or obstruction is not decisive of the question of contributory fault, but is always an important element to be considered in determining that question, and, indeed, it not unfrequently turns the scale. If the existence of the defect or obstruction is known, and the danger is so great that a man of ordinary prudence would not encounter it, then one who voluntarily attempts to pass it, where there is no reasonable necessity impelling him to make the attempt, may be guilty of such contributory negligence as will bar a recovery." Id. p. 680. It is further said that "The question of contributory negligence is generally for the jury to determine from the circumstances of the case. But where the facts are undisputed and but one reasonable inference can be drawn from them, the question is one of law for the court, and the case may be taken from the jury." Id. § 637. In *Samples* v. *Atlanta*, 95 *Ga.* 110, it was said: "Although a traveler may know that because of the defective construction of a public bridge in a city there is some danger in driving over it, still he may recover from the city for injuries sustained in so doing, if it clearly appears that the danger was not obviously of such a character that driving over the bridge would necessarily amount to a want of ordinary and reasonable care and diligence, and if it also appears that in driving over the bridge the plaintiff did in fact observe such care and diligence." In *City of Atlanta* v. *Martin*, 88 *Ga.* 21, 22, the plaintiff was walking on a sidewalk when the dirt gave way or crumbled off, and she fell into a ditch between the sidewalk and the street. She testified that "she had been at the place before, but did not know much of its condition; knew it was not a paved street, and not a very good street, but did not know it was so dangerous, or she would not have gone there." She knew that there was a gully there, but did not know the ground was crumbling. "By coming there to church she knew that the gully was by the side of the sidewalk, but did not know the sidewalk was dangerously narrow; never noticed or thought of it." The injury occurred at night. A recovery was sustained. In *Dempsey* v. *Rome*, 94 *Ga.* 420, the plaintiff was injured at night by getting his foot caught in a hole which had existed for two weeks or longer in a plank crossing upon one of the streets of the

city. The hole was about ten or fifteen inches long, three inches wide, and two or three inches deep. The plaintiff had observed it a week or two before he was injured, and at the time he stepped into it he "had his hands in his pants pockets, was walking very peart, and wasn't paying any attention." It was held to be a question for the jury whether under these circumstances he was negligent in not thinking of the defect, looking out for it, and taking care for his own safety. In *Mayor etc. of Jackson* v. *Boone*, 93 *Ga.* 662, where the plaintiff leaned against a gate forming part of a railing protecting an excavation in and along the margin of a public sidewalk in a town, and the gate fell, it was held that "There was no error in declining to charge the jury that if the plaintiff intentionally leaned upon the gate, he could not recover from the municipal corporation; or in instructing the jury that it was a question for them whether or not, under all the circumstances, the plaintiff was making a proper and legitimate use of the gate in question." Applying these principles to the case at bar, it was alleged that the defective condition of the sidewalk had existed for about six months, and the defendant knew of it, or by the exercise of ordinary care must have ascertained it. If the existence of a hole in a public street was sufficient to make the case one for submission to a jury on the question of negligence by the city authorities in having and leaving a crossing in that condition, as was held in the case of *Dempsey* v. *Rome*, supra, certainly the existence, for at least six months, of a hole extending from a third to half way across a public sidewalk and averaging in depth from two feet to ten inches, would be sufficient to authorize the submission of a similar issue to the jury.

4. The remaining grounds of the demurrer as argued make a single point, namely: Did the declaration show that the plaintiff could have avoided the injury to herself by the use of ordinary care, so as to prevent a recovery? Again we apply the principles in the cases above cited to the facts of the present case as alleged in the declaration. According to the allegations, the plaintiff was passing along a public sidewalk which the municipal authorities had left in the same condition for six months or more, as one of its sidewalks for use by the public. Her mind was occupied with her business, but she was conscious of the existence of the hole, and endeavored to pass safely around it, and she thought she had walked a sufficient distance from the edge of the

hole to pass it in safety. At the widest point of the hole she passed it at a distance of from five to ten inches. She alleged that it never occurred to her that the earth would cave in, and that she was exercising care at the time of the injury. In the face of these allegations, which the demurrer admits, we are unable to hold as matter of law that the conduct of the plaintiff so clearly amounted to a want of ordinary care as to make the declaration demurrable. As said in the case of *Wilson* v. *Atlanta*, 63 *Ga.* 291, supra, while the city and the passer are both required to exercise ordinary diligence, the duty of keeping its streets and sidewalks in repair rests upon the city, and therefore ordinary diligence on its part and ordinary diligence on the part of one who passes along a sidewalk do not imply a like degree of diligence in foreseeing danger and guarding against it. The argument, therefore, that if the city could have known of the danger of this defective sidewalk, the plaintiff also could have known of it, is not sound. On the face of the declaration there is nothing to show that the place where the plaintiff stepped was clearly and apparently dangerous, or that in passing along a public sidewalk to step so near to a hole was necessarily a want of ordinary care on her part. Nor can we say from the face of the declaration that an ordinarily prudent person would not have approached so near to the hole. This case, therefore, does not fall within the ruling made in *City of Columbus* v. *Griggs*, 113 *Ga.* 597, where it affirmatively appeared from the evidence "that it was palpably and obviously dangerous to attempt to drive at night over that place in the street at which the injury occurred;" and that Griggs "with full and accurate knowledge of this fact, voluntarily, on a dark night, accompanied by another, who had like knowledge, in a buggy with the latter undertook to drive over that place;" and that "they actually discussed it but a few moments before the catastrophe happened." Nor is the case controlled by that of *Sheats* v. *Rome*, 92 *Ga.* 535, where the municipality was negligent in causing a ditch five feet wide and three or four feet deep to be cut across a public sidewalk and left open for several weeks, but where the plaintiff, a female, was perfectly aware of the existence, width, and depth of the ditch, and either attempted to jump across it or stepped into the bottom of it on a rock and tried to step out, and was thus injured. Clearly in such a case she had no cause of action. In the case of *Kent*

v. *Southern Bell Telephone Co.*, 120 *Ga.* 980, is discussed the risk which one assumes in attempting to cross over a ditch, and also the fact that he does not assume the danger occasioned by latent and unknown defects. In the present case the plaintiff, according to her allegations, was not seeking to cross over a ditch, excavation, or hole, but was passing along a public sidewalk, left open by the municipal authorities for public passage, and was seeking to go around or avoid the hole which the city had permitted to remain there. It can not be said with certainty, from the declaration, that she failed to use ordinary care, and that had she done so the injury would not have occurred. Whatever may appear to be the facts when the evidence is introduced, the declaration should not have been dismissed on demurrer.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*