CITY OF ATLANTA *v.* HARPER.

1. The definition of "ordinary care," given by the court to the jury, was substantially that stated in the Civil Code.
2. The evidence warranted the verdict, and the court did not err in re-fusing to grant a new trial.

Submitted May 28,—Decided November 12, 1907

Action for damages.    Before Judge Pendleton.    Fulton supe-rior court.    December 1, 1906.

*J. L. Mayson* and *W. P. Hill,* for plaintiff in error.

*C. D. Hill* and *Moore, Gordon & Branch,* contra.

FISH, C. J.    Ina May Harper, twelve years of age, by her father, M. R. Harper, as next friend, brought an action against the City of Atlanta, for damages from personal injuries alleged to have been sustained in falling on one of the city's sidewalks by reason of its defective condition.    There was a verdict for the plaintiff; and the case is here on writ of error sued out by the defendant, assigning error upon the overruling of its motion for a new trial.

1. The only error of law alleged to have been committed on the trial was, that the court, in charging as to the degree of care the city was required to exercise, instructed the jury as follows:  "Or-dinary care means that care that a prudent person would exercise under the same or similar circumstances."    This definition was in substantial accord with that given of "ordinary diligence," in the Civil Code, §2898.    To same effect is *Richmond & Danville R. Co.* v. *Mitchell,* 92 *Ga.* 77 (2), (18 S. E. 290.)

2. The only other points referred to in the brief of counsel for plaintiff in error are: that there was a variance between the al-legations of the petition and the plaintiff's testimony, as to how her injuries were caused; that the evidence showed that the city had no notice, actual or constructive, of the defective condition of the sidewalk, and that the plaintiff knew of its defective condition,

and by the use of ordinary care could have avoided the consequences to herself caused by such condition. None of these points was well taken. If there were any inconsistency at all between the allegata and the probata as to how the plaintiff's injuries were caused, it was not sufficient to constitute a substantial variance. There was evidence to authorize a finding, not only that the defects in the sidewalk had existed a sufficient length of time for the agents and officers of the city, by the exercise of ordinary care and diligence, to have known of them, but that the city had actual notice of such defects. And while it appeared that the plaintiff had notice that the sidewalk was defective, the evidence did not require a finding that she knew the bricks therein were loose and likely to turn, if she stepped upon them while walking along the sidewalk, and throw her into the hole therein, nor that she failed in any respect to exercise such care as her capacity, mental and physical, fitted her, as a child of tender years, for exercising, in the actual circumstances of the occasion and situation under investigation. It follows that the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*