## EVANS *v.* CITY OF ATLANTA.

The petition was sufficient to withstand a general demurrer.

FEBRUARY 13, 1913.

Action for damages. Before Judge Bell. Fulton superior court. October 6, 1911.

*Thomas B. Brown* and *William S. Coburn,* for plaintiff.

*James L. Mayson* and *William D. Ellis Jr.,* for defendant.

HILL, J. The plaintiff brought an action against the City of Atlanta to recover damages for an alleged personal injury. The material allegations of the petition were as follows: The city employees had piled certain sewer-piping along the public street in front of his place of business, at the outer edge of the sidewalk, for the entire distance between two cross streets. As the plaintiff, between nine and ten o'clock at night, was proceeding to cross the street in front of his place of business, to catch a car at the intersection of one of the cross streets, he stumbled and fell over the piping and was injured. The piping extended about twelve inches above the surface of the sidewalk. It had been piled in the street on the day of the injury and for several days prior thereto. An arc light, which was the only means employed by the defendant for lighting that portion of the street, was so placed with reference to a viaduct as to leave the part of the street where the injury occurred in total darkness, and to cast a blinding effect on the plaintiff. No warning lights of any kind had been placed on the piping, and the street at the point of injury was in total darkness. Plaintiff was in the exercise of ordinary care, and could not have avoided the injury. Twelve special grounds of negligence were alleged, but, briefly stated, they amounted to charges that the city was negligent in putting the piping in the street; in laying it so close to the edge of the sidewalk; in piling it in a way dangerous to pedestrians; in not putting a light thereon to warn pedestrians; and in failing properly to light the street. Reference will later be made to special allegations contained in the petition. Special and general demurrers were filed. The court below sustained the latter and dismissed the petition, and the plaintiff excepted.

As a general rule, a municipality is liable for injuries which proximately result from its negligent failure to keep its streets in a reasonably safe condition for ordinary travel, either at night or by

day. But the defendant insists that the facts alleged in this case disclose such contributory negligence on the part of the plaintiff as to preclude him from recovering damages; and cites, as controlling, the cases of *Sheats* v. *Rome,* 92 *Ga.* 535 (17 S. E. 922), *City of Columbus* v. *Griggs,* 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. R. 257), and *Kent* v. *Tel. Co.,* 120 *Ga.* 980 (48 S. E. 399). In the *Sheats* case, in which the petition was dismissed on general demurrer, and the judgment affirmed, it appeared that the plaintiff, who was injured in attempting to cross a ditch, was aware of its existence, width, and depth, and either tried to jump across, or to step into the bottom of the ditch and out on the opposite side. The *Kent* case, on its facts, closely resembled the *Sheats* case, and the ruling was followed as to the apparent risks; but a distinction was made as to an unknown danger which existed in the fact that the ditch was undermined; and it was held that an allegation that this was unknown to the plaintiff and could not have been discovered by the use of ordinary care, and that she was injured by reason of the ditch caving as she stepped on the opposite side, stated a cause of action. And see *City of Atlanta* v. *Harper,* 129 *Ga.* 415 (59 S. E. 230). In *City of Columbus* v. *Griggs,* a general rule of law was correctly stated, as follows: "One who knowingly and voluntarily takes a risk of physical injury the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence." The facts to which this ruling was applied show that two occupants of a buggy (one being the plaintiff) drove in the dark over a dangerous portion of a street, with full knowledge of its condition, choosing this route rather than other available routes some of which were perfectly safe We do not consider the cases above referred to as controlling in the present case, but are of the opinion that the allegations make a case falling within the decisions summed up in *Idlett* v. *Atlanta,* 123 *Ga.* 821, 823, et seq. (51 S. E. 709), wherein the question of liability was held to be one for the jury. The present case is somewhat allied to the case there cited, of *Dempsey* v. *Rome,* 94 *Ga.* 420 (20 S. E. 335), the facts of which showed that the plaintiff, while walking across a bridge, stepped into a hole which was ten or fifteen inches

long, three inches wide, and two or three inches deep. He had observed this hole a week or two previous, and at the time he stepped into it "had his hands in his pants pocket, was walking very peart, and wasn't paying any .attention." It was held to be a jury question whether, under these circumstances, he was so negligent regarding his safety as to bar him from recovering damages. In the present case it appears that the plaintiff, upon leaving his store, walked along the sidewalk towards the intersection of Courtland Street, and when a street-car approached which he expected to take, he stepped from the sidewalk into Decatur Street with the intention of crossing the street. The petition alleges: "That when petitioner walked into Decatur Street from his store as aforesaid, the said street was in total darkness, with no lights as aforesaid giving and furnishing any light in the said street to make passage in said street by pedestrians safe. That as the said car approached Courtland Street . . on the said Decatur Street, petitioner walked from the sidewalk into the said Decatur Street to board said car, and in so doing stumbled over the said piping in the darkness, which said pipe tripped petitioner, precipitating him to the ground and pavement in said street, thereby breaking petitioner's right leg just above the ankle. That petitioner was in the exercise of ordinary care and could not have prevented the said injury. That petitioner was proceeding cautiously in the darkness, and his locomotion was made more perilous by the defendant, by the blinding effect of the arc light and its obscured position behind the east wall of the said viaduct." The plaintiff had previously alleged not only the position and effect of the arc light referred to, but also that there were no warning lights of any kind on the piping, and afterwards alleged, as a ground of special negligence: "Because the defendant was negligent in not putting lights on the said pipe during the nighttime as a warning and caution to pedestrians that the said pipe was in the said street, and was an obstruction to the safe passage over and through said street for pedestrians;" and "Because the defendant was negligent in not putting on the said pipe in said street some light, signal, or warning of some kind or description, to admonish pedestrians of the position of the pipe in said street." Counsel for the plaintiff, in their brief, concede that he had knowledge of the existence of the piping in the street. The allegations of the petition do not affirmatively show

this, and the fact is only inferable from averments that he had been doing business on that portion of the street for a long time, and that some of the piping was placed in the street several days prior to his injury. Even if the facts alleged are such as to charge him with knowledge of the obstruction, the mere knowledge of a defect or obstruction in a highway does not necessarily preclude recovery for injuries occasioned thereby. See *Idlett* v. *Atlanta,* supra, and cases there cited. Moreover, there is nothing in the petition which would indicate more than a general knowledge that the piping had been piled in the street, and nothing to show that the risk or danger of crossing the street was so obvious that the plaintiff, as a matter of law, would be guilty of such contributory negligence in attempting to do so as would bar his right to recover. If the petition be considered as averring facts which would charge the plaintiff with notice of the obstruction in the street, yet his allegations are equivalent to an averment that by reason of darkness, and failure of the defendant to place warning signals on the obstruction, at the time of the injury he was not aware of the proximity and extent of the danger which he was incurring. In this connection see *Pate* v. *City of Atlanta,* 119 *Ga.* 671 (46 S. E. 827) ; *Johns* v. *Georgia Railway & Electric Co.,* 133 *Ga.* 525, 528 (66 S. E. 269). We think that when the allegations of the petition hereinbefore quoted are construed together, they amount to a charge that the plaintiff, on account of the alleged darkness, walked into the peril not knowing its exact location, and that his doing so was the result of the city's negligence in not placing a light or other signal on the piping. It does not appear that at the time of the injury he was attempting to step on and across the piping, but rather that he "stumbled over the said piping in the darkness." We think the facts alleged were such as to make the petition not subject to a general demurrer.

It is urged that inasmuch as the municipality, in the absence of statutory requirements, is not bound to light its streets, and in view of the holding in *City of Columbus* v. *Sims,* 94 *Ga.* 483 (20 S. E. 332), that when it does so voluntarily it is not under the duty, as a matter of law, to light them in such a manner as to enable persons using them to see any obstruction the city may have placed in the street, the general demurrer should have been sustained on that ground. We do not understand the decision cited

to go to any further extent than to hold that it is not negligence per se for a city voluntarily lighting its streets to fail to light them to the extent referred to. But irrespective of what may be the rule in such cases, the petition would still not be open to general demurrer, there being allegations sufficient to charge that the injury resulted from the failure of the city, the street being in darkness, to place warning signals on the piping. The very fact that the street was not lighted would seem to indicate all the more a necessity for caution lights on the obstruction.

It is also urged that the plaintiff can not recover, because the petition shows that he was on his way to the opposite side of the street at intersection of a cross street, which he could have reached by going along the sidewalk to the intersecting street and then passing over, and his failure to do this was contributory negligence barring a recovery. While a pedestrian may be charged with a greater degree of care when attempting to cross a street at a place other than a crosswalk (*Brunswick R. Co.* v. *Gibson,* 97 *Ga.* 489, 498 (25 S. E. 484); *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (38 S. E. 389)), one who does so is not necessarily guilty of negligence per se. This was expressly ruled in *Southern Bell Telephone & Telegraph Co.* v. *Howell,* 124 *Ga.* 1050 (53 S. E. 577, 4 Ann. Cas. 707). It is a jury question whether in thus crossing a street, under given circumstances, one is guilty of such contributory negligence as to prevent him from recovering in the case of injury. In the case of *Augusta* v. *Tharpe,* supra, it was held not error to refuse to charge the jury "that one passing from the street to the sidewalk or the reverse (in a city), at any point other than a crosswalk, has no reason to expect a safe passageway, and must therefore do so at his own risk."

The special demurrers were not passed on by the trial court, and are not now before us for consideration.

*Judgment reversed. All the Justices concur.*