14834. WHITE *v.* KNAPP.

BELL, J. 1. This was an action for damages for an injury received by the plaintiff while riding a bicycle, in a collision with an automobile driven by the defendant, when the parties were traveling in opposite directions upon a public highway. A verdict was found for the plaintiff, and the defendant excepted to the overruling of his motion for a new trial. There was some evidence to authorize the inference that the defendant was traveling at the time on the left side of the road and was negligent in so doing, it being within the province of the jury to believe such evidence, although disputed. The question of proximate cause was also one for the jury, under the evidence, and the verdict was not unsupported. Civil Code. (1910), § 628.

2. An instruction that ordinary care and diligence "is that care and diligence which every prudent man exercises under the same or similar circumstances" was not erroneous on the ground that it authorized the jury to require of the defendant a degree of diligence which might be exercised by the most prudent or by any one more than ordinarily prudent. Civil Code .(1910),. § 3471; *Richmond & Danville R. Co.* v. *Mitchell,* 92 *Ga.* 77 (2) (18 S. E. 290) ; *Sanders* v. *Central of Ga. Railway Co.,* 123 *Ga.* 763 (4) (51 S. E. 728) ; *City of Atlanta* v. *Harper,* 129 *Ga.* 415 (1) (59 S. E. 230) ; *Collum* v. *Georgia Ry. &c. Co.,* 140 *Ga.* 573 (3) (79 S. E. 475).

3. The sole contention of each of the parties was that he himself was not negligent, but that the other party was, and that the other party's negligence was the cause of the injury. Under such issues the charge to the jury, "You look to the evidence, and all of the circumstances shown upon the trial, and find who was guilty of negligence in this case, who was in fault," was not error upon the ground that it assumed that the injury was caused by some one's negligence, or that it excluded the theory of accident. No such theory was involved.

4. In none of the excerpts from the charge assigned .as error did the trial judge intimate or express an opinion as to what had or had not been proved, in violation of the Civil Code, § 4863. The court's statement of the plaintiff's contentions was not argumentative or otherwise unfair to the defendant.

5. The court charged the jury as follows: "Now it is contended in this case by the plaintiff that he was riding along the public highway in the direction of Macon, and that the defendant was driving an automobile in the opposite direction; that is, going away from the City of Macon, and plaintiff was on the right-hand side of the roadway going in the direction that he was traveling, and that defendant was approaching him on the right-hand side of the roadway going in the direction in which defendant was traveling, and that defendant, immediately before they were passing, suddenly and without warning to plaintiff cut his automobile over to the left-hand side of the road upon which plaintiff was traveling, and that plaintiff was struck by the automobile and dragged back across the road and injured, and *that plaintiff at the time was exercising ordinary care and diligence,* and that as soon as he saw defendant was cutting his car across to the left of the road, that in order to avoid the injury which appeared to him to be imminent, by

colliding with the car, that he cut his bicycle across to the left side of the road in order to avoid the collision, but that he was unable to do so, *and was injured by no fault of his, due to the negligent operation of defendant of his automobile.* The court charges you that if you believe that those contentions have been sustained by a preponderance of the evidence it would be your duty to bring in a verdict for the plaintiff." (Italics ours.) This charge was not a violation of the well-known and oft-repeated rule that it is error for the trial judge to tell the jury that certain acts will constitute negligence, where the acts are not negligent per se. The excerpt was not erroneous for any reason assigned.

6. Error is also assigned upon the following charge: "The court charges you, in that connection, that if you should believe from the evidence that plaintiff was negligently and suddenly put in a place of peril by the defendant, with insufficient time to consider all the facts and circumstances which surrounded him, the law wouldn't require of him the same degree of care and caution that it would a person who had ample time for the exercise of his judgment. In other words, when a person is suddenly put in the position of peril by the negligence of another, and where, under the circumstances, the emergency is so great that they have to act without having time to think, then a person confronted with such emergency is not held to as strict accountability as a person who has ample time to consider the circumstances and the situation." The first sentence of this charge was perhaps inaccurate. The *degree* of care which the plaintiff was required, under the law, to exercise was not changed by the circumstances, though a particular act might comport with such degree under one set of circumstances and not under another. Compare *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203). But, considering the excerpt as a whole, it could not have been construed as relieving the plaintiff from the duty of exercising ordinary care under the circumstances, as to which the jury were elsewhere correctly instructed, and was not an invasion of the province of the jury in regard to the "accountability" to be required, in view of the application solely to an emergency "so great" that the party would "have to act without having time to think." See *Atlantic Coast Line R. Co.* v. *Daniels,* supra; *Smith* v. *Wrightsville & Tennille R. Co.,* 83 *Ga.* 671 (1) (10 S. E. 361); *Central of Georgia Ry. Co.* v. *McGuire,* 10 *Ga. App.* 483 (4) (73 S. E. 702); *Georgia Ry. & Elec. Co.* v. *Gilleland,* 133 *Ga.* 621 (7) (66 S. E. 944).

7. The plaintiff was injured on June 27, 1922. The trial was on March 16, 1923. Both bones of one of the plaintiff's legs were broken in two, and one bone punctured the skin. A physician testified that "near the place of the injury there develops a lump or callous, and that never disappears." The plaintiff testified that the place of the injury would still hurt him occasionally, as late as the date of the trial; "it's just a dull, throbbing kind of pain." Under these circumstances the following charge: "The damages which the plaintiff claims he is entitled to in this case are for pain and suffering. He contends that he was injured at the time of the accident, and that he has continued to suffer down to the present, and that he will always suffer, and that he is entitled to receive a verdict at your hands for pain and suffering, which he con-

tends will be permanent," was not erroneous upon the ground that it would authorize a finding in favor of the plaintiff for permanent pain and suffering, without any evidence that the pain and suffering would be permanent. While the physician testified further that the plaintiff ought not to suffer any pain in the future, this testimony was not controlling of the issue. "The jury were authorized to infer that the effect of the injuries would be permanent, from the character of the suffering and the length of time it had continued. This is true although a physician testified that the injuries were temporary. The question was for the jury, who could, if they saw fit, attach as much probative value to the testimony of the person injured as to the opinion of the physician. *Southern Ry. Co.* v. *Tankersley*, 3 *Ga. App.* 548 (60 S. E. 297); *Goodwyn* v. *Central Ry. Co.*, 2 *Ga. App.* 470 (58 S. E. 688); *City of Atlanta* v. *Champe*, 66 *Ga.* 603; *Atlanta Street Ry. Co.* v. *Walker*, 93 *Ga.* 467 (21 S. E. 100); *Macon Ry. & Light Co.* v. *Streyer*, 123 *Ga.* 279 (51 S. E. 432)." *Southern Ry. Co.* v. *Pelway*, 7 *Ga. App.* 659 (1) (67 S. E. 886). Furthermore, the deformity or unnatural condition resulting from the injury, which, according to the evidence of the physician, will be permanent, could be considered by the jury as a lasting element of pain and suffering, and this fact alone would have warranted the instruction. *Western & Atlantic R. Co.* v. *Sellers*, 15 *Ga. App.* 369 (3) (83 S. E. 445); *Social Circle Cotton Mill Co.* v. *Ransom*, 23 *Ga. App.* 605 (4) (99 S. E. 238).

(a) The excerpt stated the contentions as made by the petition. The court then gave in general terms the proper measure of damages for pain and suffering. Civil Code (1910), § 4504. Even if the evidence did not support the petition in respect to these contentions, the statement of them as pleaded is not cause for a new trial. "While it is erroneous for the trial judge to submit to the jury an issue not arising under either the pleadings or the evidence, still it is not reversible error for the court, in stating the contentions of the parties, to state these contentions as they are presented in the pleadings, even though there be no evidence, or insufficient evidence, to support the contention. The well-recognized proposition that error cannot be successfully assigned of a refusal to direct a verdict is merely a corollary of this general proposition." *Matthews* v. *Seaboard Air-Line Ry.*, 17 *Ga. App.* 664 (1) (87 S. E. 1097).

8. One ground of the motion for a new trial complained of the admission of the following testimony of a witness introduced by the plaintiff, for the reason that it was irrelevant: Q. "Mr. King, did you go and place an automobile in the road near the scene of this accident?" A. "I did." Another ground complains of the admission of the following evidence of the same witness, for the reason that it was hearsay: Q. "Does this photograph here marked 'Exhibit B' represent the true condition of that automobile after it was placed there?" A. "It is." The evidence admitted does not appear to have been prejudicial, even if subject to the assignments made. "That certain testimony was admitted over the objection, duly urged, that the testimony was hearsay, will not require the granting of a new trial, it appearing that the evidence, though subject to the objection made, could not have affected the verdict rendered." *South Georgia Ry. Co.* v. *Niles*, 131 *Ga.* 599 (3) (62

S. E. 1042); *Abercrombie* v. *Norris*, 130 *Ga.* 680 (2) (61 S. E. 532). The same rule is applicable to evidence irrelevant but not hurtful. It is said in the brief of the plaintiff in error that this evidence was offered for the purpose of rendering admissible in evidence certain photographs of the scene of the injury tendered by the plaintiff. The record does not disclose that any objection was made to the introduction of the photographs themselves.

9. The plaintiff's witness King testified on cross-examination as follows: Q. "Mr. King, you filed this suit for this young man yourself?" A. "Yes, sir; I filed it." Q. "Before he was able to get out of the hospital?" A. "Yes, sir." Q. "You filed one for yourself?" A. "I did." To the last question and answer with reference to the filing of a suit by the witness for himself the plaintiff's counsel objected, upon the ground of irrelevancy and that the suit would be the highest and best evidence. The court sustained the objection and ruled out the question and answer. This ruling is assigned as error. Whether the fact of the filing of the suit might not have been shown without a resort to the suit itself, this ruling will not require a new trial upon the ground that the plaintiff in error was not permitted to show the fact as illustrative of the interest of the witness, who gave but little, if any, testimony which could have materially affected the case. He testified: "I was not present when Franklin the plaintiff was injured, and know nothing about how it happened of my own knowledge, and don't know anything about how Mr. White's car was situated. All I know is what I heard." Even if the excluded evidence was competent, "its rejection would not work a new trial (*Van Winkle* v. *Wilkins*, 81 *Ga.* 94 (9), 7 S. E. 644, 12 Am. St. R. 299), since it was not of such a character as would probably have materially affected the finding of the jury. *Daughtry* v. *Savannah & Statesboro Ry. Co.* 1 *Ga. App.* 393 (2), 58 S. E. 230." *Georgia Ry. & Power Co.* v. *Shaw*, 25 *Ga. App.* 146 (2) (102 S. E. 904).

10. Before previous oral contradictory statements can be proved against a witness for the purpose of impeachment, "his mind should be called with as much certainty as possible to the time, place, person, and circumstances attending the former statement." Civil Code (1910), § 5881. The assignments of error in two of the grounds of the motion for a new trial upon the refusal of the court to permit the defendant to make proof of a previous oral statement of a witness sought to be impeached did not show that the foundation was laid for the impeaching evidence in accordance with the provisions of this code section, but merely that the attention of the witness had been called to the statement. Assuming that the rejected evidence would have been otherwise admissible, this court will not order a new trial because of the rejection of such evidence, unless it appears in the assignment of error that the foundation therefor was duly laid, although it may appear that the presiding judge rejected it for some other and invalid reason urged by the opposite party without reference to those herein expressed. See *Penn* v. *Thurman*, 144 *Ga.* 67 (8) (86 S. E. 233).

(a) The witness himself, as well as the opposite party, has some interest in such a matter. "It must not be forgotten that the law has regard for the right of witnesses as well as those of parties litigant." *Andrews*

v. State, 118 Ga. 1, 4 (43 S. E. 852); Civil Code (1910), §§ 4554, 5870.

(b) "If testimony was properly rejected, the rulings of the court will be sustained, although he may have given an insufficient, or even a wrong reason therefor." Smith v. Page, 72 Ga. 539 (2 a); Brunswick & Birmingham R. Co. v. Hoodenpyle, 129 Ga. 174 (6) (58 S. E. 705).

11. In view of the fair and ample general charge given, the court did not err in refusing the requested instructions, assuming them to be pertinent and correct.

12. No material error of law appearing, and there being some evidence to support the verdict, even though it may be slight, this court should not interfere with the discretion of the trial judge in overruling the motion for a new trial.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED DECEMBER 7, 1923.

Action for damages; from city court of Macon—Judge Gunn. May 23, 1923.

W. A. McClellan, T. A. Jacobs Jr., for plaintiff in error.

Brock, Sparks & Russell, contra.