## 23495. PRUITT v. MAYOR AND ALDERMEN OF SAVANNAH.

SUTTON, J. 1. Where the plaintiff had for some eighteen years known of an elevation in a city sidewalk in front of his place of business, which he had occupied for five months, which elevation had been constructed by the owner of the building for loaded trucks to move from the doorway of the building to the street, and where plaintiff knew that persons had been injured by stumbling against the same, and where on a dark night, when it was raining hard and when the rain had rendered the sidewalk on each side of the elevation slick, the plaintiff stepped out of the doorway of said building onto the elevation and onto the sidewalk, and his foot slipped by reason of the slick condition of the sidewalk and he fell and was hurt, the city was not liable to him in damages on account of said elevation. Especially is this true when it appears that on the night in question plaintiff realized the danger of stepping out into the night, and undertook to step so as to prevent stumbling or slipping.

2. This case is not one in which the plaintiff had limited knowledge of the existence of the elevation and danger or had forgotten about the defect and had exercised ordinary care in his own behalf; but is a case in which he knew of the danger and, appreciating the extent of the hazard and the probability of his being injured, voluntarily undertook the risk, trusting to the extra precaution which he resolved to take as a means to prevent his being injured thereby. This ruling is fully in line with the rulings made in *Samples* v. *City of Atlanta*, 95 .*Ga.* 110, and *Idlett* v. *City of Atlanta*, 123 *Ga.* 821,

3. There was no question for a jury to determine, the foregoing facts appearing from plaintiff's own evidence, and the court did not err in granting a nonsuit.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 20, 1933.

*F. A. Tuten, Travis & Travis,* for plaintiff.
*Shelby Myrick, J. C. Hester,* for defendant.