43108, 43109. MILLER v. NICHOLS CONTRACTING COMPANY, INC. (two cases).

SUBMITTED OCTOBER 5, 1967—DECIDED OCTOBER 24, 1967.

*Paul R. Koehler,* for appellants.

*Lokey & Bowden, Glenn Frick,* for appellee.

JORDAN, Presiding Judge. 1. The cases having been terminated in the lower court before September 1, 1967, the provisions of the Georgia Civil Practice Act do not apply. See the opinion on motion for rehearing in *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376.

2. Construing the petitions most strongly against the pleader, as is required on general demurrer, although recognizing that questions of negligence and proximate cause are for jury determination except in clear and palpable cases, we think that the facts here alleged show as a matter of law that Mrs. Miller assumed whatever risks were involved in attempting to reach her automobile from her point of safety on the opposite side of the excavated area, regardless of any negligence on the part of the defendant which may have created a patently dangerous hazard to pedestrians.

Although the Supreme Court has recognized that one does not assume the risk of latent defects not discoverable in the exercise of ordinary care, such as the danger of a cave-in of a ditch three feet wide at the top and six feet wide at the bottom, the court also recognized in the same case that "Where,

544

with full knowledge of the existence of a ditch in a highway, and without any emergency requiring it to be crossed, one endeavors to pass over the excavation, he will be treated as having voluntarily assumed all of the usual risks incident to the attempt," and "can not recover for damages occasioned by stepping or stumbling into the excavation, slipping from the wet or loose dirt on the bank to the bottom of the trench, or, by reason of inability or miscalculation, failing safely to step to the opposite side." *Kent v. Southern Bell Tel. & Tel. Co.*, 120 Ga. 980 (1, 2) (48 SE 399). To the same effect, see *Sheats v. City of Rome*, 92 Ga. 535 (17 SE 922); *City of Columbus v. Griggs*, 113 Ga. 597 (38 SE 953, 84 ASR 257).

It is clear from the petitions in the present cases that Mrs. Miller knew that the digging was in progress when she went to work, and that upon leaving work she surveyed the entire situation. We notice judicially that when she left work at 5:30 p.m. on June 24, 1965, it was daylight and before sunset, although the petition does show that it was dark and overcast on account of prevailing weather conditions. Mrs. Miller obviously determined that it was not feasible to cross the newly excavated ditch, and also obviously determined that she would attempt to cross the previously existing excavation, despite her obvious knowledge of the presence of newly excavated wet dirt, on which heavy rain was then falling. While the petitions do show that access to her parked automobile was completely blocked in the area of the intersection, unless she chose to cross either the old or the new excavation, the petitions do not show any emergency situation requiring Mrs. Miller to get to her automobile by crossing at the intersection. For aught that appears in the petitions she did not have to cross either excavation, but could have used a circuitous route to reach her automobile. The automobile was parked on a public street which is not shown to be without any means of access from the south.

The trial judge properly sustained the general demurrers to the petitions.

*Judgment affirmed. Deen and Quillian, JJ., concur.*