## LOVELESS *v.* STANDARD GOLD MINING COMPANY.

The negligence of a fellow-servant does not relieve the master from liability to a coservant for an injury which would not have happened had the master not been negligent himself.

*Argued October 8, — Decided October 30, 1902.*

Action for damages.    Before Judge Estes.    Lumpkin superior court.    April 26, 1902.

*H. H. Dean,* for plaintiff.    *W. A. Charters,* for defendant.

FISH, J.    Loveless sued the Standard Gold Mining Company for damages for personal injuries alleged to have been sustained by him in consequence of the negligence of the defendant.    He alleged that he was employed by the defendant as a laborer; that at the time he was injured he and three others were engaged, under the direction of the defendant company, in timbering a mining shaft upon its property, " that is, were placing timbers on each side of said shaft, which was perpendicular, and as said timbers were put in . . petitioner was required to put them in place and bolt the same to other timbers " and to the walls of the shaft, so as to protect the walls thereof; that the defendant company furnished the timbers, bolts, and taps necessary for this purpose, and it was its duty to furnish suitable material ; that it furnished a number of bolts and taps that were unfitted for use, the taps being too large for the bolts, so that when they were put on the bolts, the threads therein would not catch to the threads on the bolts sufficiently to hold the timbers through which the bolts were placed; that another squad of laborers had put in a number of timbers before the plaintiff and the squad with which he was working went into the shaft to carry on the work ; that the men employed in the work previously to the coming on of the petitioner and his squad placed some timbers in the shaft and sought to fasten the same with the defective taps furnished by the defendant company; and that plaintiff and his assistants went into the shaft " and stepped on to the plank placed there for safety, so that [he] could work, the planks resting on the said timbers so upheld by the defective bolts and taps, and after stepping out on said planks and commencing work and while in the performance of his duty, with no knowledge of the defective taps and bolts, he was injured by the giving way

of the bolts and the falling of the said timbers, which caused him to fall some 15 or 25 feet and strike the solid rock on the bottom of the shaft." The defendant demurred to the petition, and pending the demurrer the plaintiff amended the petition by alleging that he had no opportunity of discovering the defects set forth, and by the exercise of ordinary care could not have known of the same, while they were well known to the defendant. The court then sustained the demurrer and dismissed the petition, to which ruling the plaintiff excepted.

The case, as it comes before us, involves the determination of a single question, and that is, did the petition, in the language of the demurrer, show " on its face that the negligence which worked the injury complained of was attributable to the coemployees and fellow-servants of the petitioner, the risk of which he assumed under the law when he entered the employment of defendant"? It is earnestly contended by counsel for the defendant in error that the petition shows that the injury was occasioned by the negligence of the plaintiff's fellow-servants, in knowingly using the defective bolts and taps in fastening together the timbers of the shaft, and that therefore the master is not responsible to the plaintiff for the injury which he sustained. Granting that these fellow-servants of the plaintiff, who had preceded him in the work which he undertook to continue, were thus negligent, their negligence in knowingly using, in timbering the shaft, defective bolts and taps which were furnished them, for this very purpose, by the master, would not relieve the master from liability to the plaintiff for the injuries which he sustained in consequence of the use of this defective material. The initial negligence, without which the plaintiff would not have been injured, was that of the master in furnishing improper and unsafe appliances to the plaintiff's fellow-servants, to be used by them in fastening together the timbers, upon the security of which the safety of the plaintiff, while engaged in the work for which the defendant employed him, depended. Had the master not been negligent in furnishing these appliances or materials, the fellow-servants of the plaintiff could not have been negligent in using them in timbering the shaft. Their negligence in the matter depended upon and grew out of the negligence of the master, and the defendant was, therefore, directly responsible for its own negligence and indirectly responsible for that of its employees.

If the negligence of the master had been wanting, the plaintiff would not have been injured. The master furnished improper materials or appliances to these fellow-servants of plaintiff, to be used exactly as they did use them, and their negligence in using them, under the implied direction of the master, was but a continuance of the latter's negligence in furnishing them to be thus used. In the case of *Cheeney* v. *Ocean Steamship Co.*, 92 *Ga.* 726, this court held that " The negligence of a fellow-servant does not excuse the master from liability to a coservant for an injury which would not have happened had the master performed his duty." This ruling is found in the opinion, on page 732, and is supported by a number of cited cases. " That a master is liable for an injury to his servant caused by the concurrent negligence of himself and a fellow-servant, but which could not have happened had the master performed his duty, is clear. . . If, therefore, a servant who is himself free from negligence receives an injury, caused in part by the negligence of his master, or, what amounts to the same thing, of a servant for whose negligence the master is responsible, and in part by that of a fellow-servant, he can maintain an action against his master for such injury." 12 Am. & Eng. Enc. L. ( 2d ed.) 905.

Counsel for defendant in error cites and relies upon *Baxley* v. *Satilla Manufacturing Co.*, 114 *Ga.* 720. That case came up on the grant of a nonsuit by the trial court, and this court held that the nonsuit was properly granted. There the plaintiff, who was employed in the defendant's sawmill, was injured in consequence of the breaking of an iron bolt which held in position the guide of the saw. He " claimed to have established by his evidence that the defendant was negligent in two particulars: first, in employing an incompetent machinist, or, if the incompetency was not known at the time of his employment, in retaining in its employment an incompetent machinist after knowledge of his incompetency, one of the duties of this machinist being to put in a proper bolt at the place where the bolt which caused the plaintiff's injuries was located, to test the bolt when it was put in, and to inspect it from time to time after it had been put in position; and, second, in furnishing for the purpose of being placed in position by the machinist a defective iron bolt, when ordinary care would have required that a sound steel bolt should be used." The ground upon which the decision was based is stated by Mr. Justice Cobb, who

delivered the opinion, as follows: "There being no evidence authorizing a finding that the master was negligent either in the employment of the servant who was claimed to have been negligent, or in furnishing a defective bolt to be used by such servant, the plaintiff has failed to make out his case and was not entitled to recover, notwithstanding the evidence authorized a finding that the plaintiff himself was without fault." It was held that the evidence in the case showed that the defect in the bolt "was a latent one, and such being the case, the mere fact that the bolt broke [was] not sufficient to remove the presumption that the master had furnished a proper appliance to be used, the defect being of such a character that the master would not know of it and could not by the exercise of ordinary care have discovered it." There is nothing in the facts of that case, or the grounds upon which the decision therein was placed, which conflicts with the ruling which we make in the present one. It is true that Mr. Justice Cobb, in stating the case hypothetically, uses some language which seems to support the contention of the defendant in error in the case now under review, but what the learned Justice says in reference to the non-liability of the master in the case thus stated was not necessary to support the decision which the court rendered, which was based upon the grounds indicated above.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*