JOHN L. CHRISTIAN, Appellant, v. DUNCAN MC-DONNELL, Respondent.

**Kansas City Court of Appeals, January 2, 1908.**

1. **REAL ESTATE BROKER: Commission: Instructions: Termination of Agency.** An instruction ignoring a question of whether the broker had abandoned his efforts to sell or his agency had been revoked, where these facts are matters of defense and sustained by evidence, is erroneous.

2. **———: ———: ———: Assuming Fact.** An instruction assuming that the broker had negotiated the sale of the land, where such fact is disputed, is erroneous.

3. **APPELLATE PRACTICE: Defective Abstract: Statement.** Though both the statement and the abstract are defective, since enough appears to affirm the judgment, the defect is overlooked.

Appeal from Atchison Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*L. D. Ramsay* and *L. J. Miles* for appellant.

(1) The court's first reason is that instruction numbered 2 ignores the question whether appellant had

abandoned his efforts to sell. In this connection permit us to say such abandonment is not set up as a defense in the answer, but the very opposite in as strong language as counsel for respondent could frame it, and there is not one jot of evidence tending to make a question of abandonment in the case. All the evidence from both sides tends, like a river at flood time, in the other direction. (2) The second reason is that said instruction numbered 2 ignores the question as to whether appellant's authority had been revoked. Permit us to say, in the third instruction given for respondent, and in the first instruction given for appellant, the court most plainly instructed the jury on that very point and they could not have been misled. Besides, from respondent's own witness, Bovell Million, and by the testimony of respondent, himself, it appears beyond dispute or controversy, that when Bovell Million, the purchaser, approached respondent, McDonnell, to buy the land, respondent could not and would not price the land till he could see another man in whose hands the same was listed for sale. If the authority had been revoked, why was it necessary for McDonnell to see Christian next morning, (which he did) and tell him to hurry up and complete the sale, otherwise he, McDonnell, would sell to a man from Nebraska? No, Christian's authority had not been revoked, although, one can read between the lines that McDonnell and Million were scheming to get rid of Christian, that McDonnell might gain a cool $1,000, Million get the land for $765.65 less money and Christian lose the hardest year's work he ever put in, trying to sell a piece of land. Brennan v. Roach, 47 Mo. App. 293. (3) The court's second reason is the giving of number 3, in that it assumes as a fact a disputed contention, etc. This instruction is as near a literal copy of instruction No. 10, in Sallee v. McMurry, as the differing facts would permit, and Judge NORTONI reversed and remanded that case because that in-

struction was not given. Sallee v. McMurry, 113 Mo. App. 262. (4) Inaptitude of expression in one instruction is held to have been cured, if its meaning, when read in connection with another instruction, was not in doubt. Read No. 4 in connection with No. 8, then see Voegeli v. Pickle Marble & Granite Co., 56 Mo. App. 678; Hartpense v. Rogers, 143 Mo. 632; Modisett v. McPike, 74 Mo. 640; Swan v. Lullman, 12 Mo. App. 583; Ross v. Clark, 14 Mo. App. 594; Sappington v. Railroad, 14 Mo. App. 86; Schooler v. Schooler, 18 Mo. App. 69. (5) Instructions should be read together as a whole, and, when consistent, their meaning is to be collected from the whole context, by the light of the evidence submitted to the jury. Reilly v. Railroad, 94 Mo. 600; State v. Mathews, 98 Mo. 125; Harrington v. Sedalia, 98 Mo. 583; Wetzell v. Wagoner, 41 Mo. App. 509; Ridenhour v. Railroad, 102 Mo. 270; Shortel v. St. Joseph, 104 Mo. 114; Dickson v. Railroad, 104 Mo. 491; O'Connell v. Railroad, 106 Mo. 482; Distilling Co. v. Creath, 45 Mo. App. 169; State v. Naeninger, 108 Mo. 166; Henry v. Railroad, 113 Mo. 525; Noble v. Blount, 77 Mo. 235; Schooler v. Schooler, 18 Mo. App. 69; Brink v. Railroad, 17 Mo. App. 177; Cooper v. Johnson, 81 Mo. 483; Larimore v. Legg, 23 Mo. App. 645; Ileg v. Transit Co. 102 Mo. App. 536; Fillingham v. Transit Co., 102 Mo. App. 588; Bond v. Railroad, 122 Mo. App. 207; Fitzgerald v. Barker, 96 Mo. 666; Greer v. Bank, 128 Mo. 575; Railroad v. Sloop, 200 Mo. 199; Corder v. O'Neill, 176 Mo. 437; Bartley v. Railway, 148 Mo. 142; Kelly v. Railroad, 88 Mo. 534; Pritchard v. Hewitt, 91 Mo. 550; Overholt v. Vieths, 93 Mo. 426; Leahy v. Davis, 121 Mo. 236; Homuth v. Railroad, 129 Mo. 642; Haven v. Railroad, 115 Mo. 229.

*John W. Stokes* and *Jno. P. Lewis* for respondent.

(1) The court erred in giving plaintiff's instructions numbers 1, 2, 3, 4, 5 and 8, for many reasons, too

many to burden the court with.   Vogeli v. Marble & Granite Co., 49 Mo. App. 650; Garden Cultivator Co. v. Railroad, 64 Mo. App. 312; State v. Lentze, 184 Mo. 223, 235; Modisett v. McPike, 74 Mo. 648.   These instructions are erroneous, as applied to this case, for the reason that they proceed upon the theory, that if plaintiff's acts constituted any part of the chain of circumstances, leading up to the purchase by Bovell Million, no matter how disconnected or remote, yet nevertheless he would be entitled to recover.   (2) There is no pretense that the purchaser's father had been made an agent of plaintiff's to work up a sale or if he had been that he did so.   His acts must be not merely one of the chain of causes resulting in a sale; they must be the procuring cause of the sale.   Ramsay v. West, 31 Mo. App. 687; Gamble v. Grother, 108 Mo. App. 346.   The purchaser must have been induced to apply to the owner, through the means employed by the broker.   Kelly v. Stone, 94 Iowa, 316; Bumgarten v. Hayne, 54 Ill. App. 496; McCrory v. Kellogg, 106 Mo. App. 597; Vandyke v. Walker, 49 Mo. App. 386; John v. Seidel, 150 Pa. 396; Gleason v. Nelson, 162 Mass. 245; Gamble v. Grother, 108 Mo. App. 346; Armstrong v. Warner, 29 Minn. 126; Wylie v. Bank, 61 N. Y. 415; Sibbald v. Iron Co., 83 N. Y. l. c. 383; Wright v. Beach, 82 Mich. 469.   (3) The acts or information furnished by the broker must be something more than an incident leading to the sale, it must be the efficient and controlling cause of the purchase.   His acts must determine the purchaser in his purchase.   Ellsmore v. Gamble, 62 Mich. 545; McCrory v. Kellogg, 106 Mo. App. 597; Whitcomb v. Bacon, 170 Mass. 479.

BROADDUS, P. J.—The plaintiff's suit is for commission for the alleged sale of certain of defendant's lands in Atchison county, Missouri.   He claims that his contract with defendant was, that, if he could procure a purchaser for the land he should receive as his

compensation all in excess of $8,000, that the purchaser would offer to pay; and that the terms upon which he was to contract with the purchaser was a payment of $1,500 cash and the residue on or before March 1, 1908. This contract was alleged to have been made in April, 1906, which he claims was modified in March, 1907, so as to give defendant the privilege of renting the land for the year 1907, in which event plaintiff was to dispose of the rent as an inducement to obtain a purchaser and to augment the purchase price.

He claims that he procured a purchaser for the land on the 29th day of March, 1907, for the sum of $10,156.25, of which sum $2,000 was paid in cash, $390.62 was credited on account of defendant retaining the rents instead of turning them over to the purchaser, and the balance of said sum made payable March 1, 1908.

The defendant claims that some time in the early part of the summer 1906, that he informed plaintiff that he would take not less than $8,000 net for his land, and that at different times during that year and the following winter plaintiff spoke as if he thought he could buy or find a purchaser for it. And further that he never gave plaintiff any exclusive option on the land or its sale and reserved the right to sell it himself; that he made a sale of the land without the intervention of plaintiff, and that at no time did plaintiff introduce to him any prospective purchaser. The cause was submitted to a jury which returned a verdict for the plaintiff, which on motion of defendant the court set aside and the plaintiff appealed.

The plaintiff's evidence tended to prove the contract as alleged and that it was through his efforts that a purchaser for the land was found. On the other hand defendant's evidence tended to prove that it was not through plaintiff's efforts the land was sold. The court sustained the motion for a new trial on the ground of

error in giving in plaintiff's behalf instructions numbered 2, 3 and 4. The court assigned as reason for its action that instruction two ignored "the question as to whether or not plaintiff's alleged efforts to sell the land or find a purchaser had not been abandoned, or his agency revoked before defendant and purchaser met." The instruction was clearly wrong as there was evidence that plaintiff's agency had been revoked before defendant had begun negotiations, while that of plaintiff tended to show that such revocation was made with the knowledge that it was through plaintiff's efforts the purchase was made. It was a question for the jury and not for the court.

Instruction numbered three was subject to the defect pointed out by the court as it "assumed as a fact the disputed contention that the plaintiff had negotiated with the purchaser for a sale of the land before defendant met him." On this question the defendant's evidence, was to the effect that plaintiff had not as a matter of fact negotiated with Bovell Million the purchaser, but with his father Wm. Million. Bovell states, that, his father first went to see the land, but did not like it, and that he of his own accord went upon the land and bought it; and that he never had any communication with plaintiff in reference to the matter, either before or after the sale. With such evidence we cannot see how the court could have acted otherwise, when attention was called to the error.

Instruction four was erroneous for a reason similar to that noted as to instruction numbered two.

Defendant insists that the appeal should be dismissed for failure of plaintiff to file a proper abstract and statement. Both are defective. They are nearly always so. But as enough appears in them to compel an affirmance of the action of the trial court, we have concluded to overlook their defects.

Affirmed. All concur.