## 13060.   LAWSON *v.* BULCKEN.
</div>

Damages for injury to a tenant because of the defective condition of steps to the rented house were not recoverable from the landlord, under the allegations of the petition; and the court did not err in sustaining the general demurrer and dismissing the petition.

<div align="center">

DECIDED MARCH 7, 1922.
</div>

Action for damages; from city court of Savannah — Judge Freeman.   October 14, 1921.

The plaintiff's petition, as amended, alleges, in substance, that on the premises occupied by her as tenant of the defendant four steps led from the kitchen door into the back-yard and are the only means of ingress to the yard; that the base of the kitchen door is a door plate or sill about eight or ten inches above the top step, and it is necessary to use the same in going into and out of the yard and the kitchen; that the second step from the top was missing, having rotted away, and the plaintiff, when she paid her rent to the plaintiff's agent, W. F. Constantine, twice each month for three months before the injury, complained about the step, gave him notice that it was broken, and asked him to have it fixed, but he failed to have it fixed until after the injury sued for; that there were several partly rotten boards in the kitchen floor leading up to said door plate or sill; that the top step and the third step were rotted near the ends, and the door plate or sill was loose and wabbly to the extent of about a quarter to a half inch, the top of the door plate or sill was badly worn and partly broken, the part broken being the little thin door strip about two inches wide and one fourth inch thick by

two and a half feet long, lying in the inside edge and along the top of the door plate or sill; and the fastenings at the ends of the door plate that were not visible to the plaintiff were loose and worn, allowing it to wabble downward to the top step on the placing of a heavy weight on or near the outer edge thereof; that this defective condition of the door plate and the kitchen floor boards would have been disclosed to the defendant or his agent upon a proper inspection of the rear steps, and in replacing the missing step if either of them had made repairs; that after the plaintiff was hurt the defendant had two new steps — the second and third from the top — put on, and also replaced three defective floor planks in the kitchen leading up to the door plate or sill; that the plaintiff did not know and in the exercise of ordinary care could not have known of or discovered the defective condition of the door plate or sill, or its loose condition, or that the floor boards in the kitchen were defective or partly rotten; that except for the missing step the steps appeared to be safe for use, and the plaintiff frequently used them in safety by stepping over the hole left by the missing step, and she did not know of any danger connected with such use of the door sill and steps; that on May 4, 1921, as she was starting out of the kitchen door to descend the steps for a necessary purpose, intending to step over the missing step hole as usual, the door plate or sill gave under the weight of her right foot and caused the foot to slip off and threw her body forward and down the steps, causing her right foot to go into the hole where the second step should have been, and causing injuries described. It is alleged that it was the defendant's duty to repair the premises on notice of the unsafe condition, and to make proper inspection of the steps and the door plate or sill and the other parts connected with them, and that he failed to do so or to make necessary repairs after being notified to repair the step; that the plaintiff did not know and could not have discovered, in the exercise of ordinary care, the defective condition that caused her injury, and that she was in the exercise of all ordinary care and caution at the time she was injured; that the defendant injured and damaged her in a stated sum by reason of the facts stated, and caused the injuries by his negligence in failing to repair the steps after being duly notified that they were broken and requested to repair them, in failing to inspect

the premises and steps, and door sill or plate, after being notified that the steps were broken, and in failing to inspect and discover the defective condition of and repair the step, door plate or sill, after notice that the step was broken, and in failing to make a proper inspection of the steps, door sill or plate, and all parts thereof connected with the use of the steps, after being duly notified that said rear steps were broken and after request that they be repaired.

*Raiford Falligant,* for plaintiff, cited: 98 *Ga.* 271-3; 18 *Ga. App.* 326-7; 111 *Ga.* 149-52.

*Shelby Myrick,* for defendant, cited: 24 *Ga. App.* 94; 111 *Ga.* 149; 124 *Ga.* 1059 (5); 107 *Ga.* 808; 141 *Ga.* 312; Id. 224; 19 *Ga. App.* 485; 137 *Ga.* 350.