30160. UPCHURCH *v.* COGGINS.

DECIDED NOVEMBER 24, 1943.

*Thomas G. Lewis,* for plaintiff.
*John M. Slaton, James J. Slaton,* for defendant.

STEPHENS, P. J.  Mrs. Omie Upchurch, as tenant, instituted suit against B. F. Coggins, as landlord, for damages for injuries alleged to have been received by her, upon falling suddenly and violently to the ground and into an excavation, by reason of the top step of a stairway, over which she had to pass in order to enter the rented premises, suddenly careening, turning, and giving way, causing her to lose her balance and fall to the ground, a distance of approximately six feet.  She alleged that the cause of her injuries was the negligence of the defendant in the defective and unsafe construction of the steps, the steps having been constructed without safe and sufficient bracing, handrailings, and timber.  It appears from the petition that on the day following the injuries to the plaintiff, the defendant realized and admitted the unsafe condition of the steps, by having his agent and carpenter repair the steps by bracing and nailing the top step, and placing a rail on the right side of the steps, and that in making these repairs the carpenter was acting under the authority and direction of the defendant, and within the scope of his duties and authority at the time; that approximately six days before the plaintiff received the alleged injuries another carpenter and agent of the defendant came to the house and made necessary repairs on the opposite side of the house, and on other parts of the house, and at that time discussed with the plaintiff the defective and unsafe condition of the steps which she was ascending when the alleged injuries were received.  The

petition further alleges that by reason of the knowledge of the two carpenters, as agents of the defendant, of the unsafe condition of the steps, the defendant, in the exercise of ordinary care, should have and could have discovered the defective condition of the steps, and should have known of the latent defects therein. The petition alleges that the plaintiff was without fault, in that she did not know of the defective and unsafe condition of the steps, and in the exercise of ordinary care could not have discovered their unsafe condition, and specifies the following acts of negligence on the part of the defendant: in renting to the plaintiff the house and premises knowing them to be of "incorrect, unsafe, and defective construction, and in failing to keep and maintain said house and property in a safe, tenantable condition after defendant would have discovered, or in the exercise of ordinary care and diligence should have discovered said unsafe, defective condition of said house and steps to same, as is alleged herein." The petition enumerates various expenses incurred by the plaintiff for doctor's and medical bills, and prays for judgment in the amount of $5000.

. The defendant demurred to the petition on the ground that it failed to set forth a cause of action, for the reason that it showed that the plaintiff had knowledge of the condition of the steps and assumed the risk, and by the exercise of ordinary care could have avoided the injuries. The court sustained the demurrer on this ground, and dismissed the petition. The remaining grounds of the demurrer were not passed on. To the ruling of the court sustaining the demurrer and dismissing the petition the plaintiff excepted.

In a suit by a tenant against a landlord to recover damages for personal injuries sustained by the tenant alleged to have been caused by the negligent and improper construction of certain steps on the rented premises, whereby the steps were in a defective condition and unsafe, in order for the landlord to be liable it must appear that notice of the defective and unsafe condition of the premises had been given to him, and a reasonable opportunity afforded him to repair the defective condition; or it must appear that the landlord otherwise had knowledge of the defect in the premises that caused the tenant to receive personal injuries. It is alleged that the plaintiff, who was a tenant of the defendant, was injured when the top step of a stairway on the rented premises over which she had to pass in order to enter the house, turned and gave

way, whereby she fell and was injured. She alleged that the stairway and steps were constructed in a defective and unsafe manner, "having been constructed without safe and sufficient bracing, handrailings, and timber." She does not allege that the defendant had knowledge that the step which careened and turned with her was in a loose and defective condition; she contends that he had notice of the unsafe and defective construction of the step for the reason that about six days before she was injured his agent and carpenter made certain repairs to other parts of the rented premises, some on the opposite side of the house from the steps, and that at that time this agent of the defendant discussed the unsafe and defective condition of the steps with her. It is alleged that by reason of the knowledge of the carpenter as an agent of the defendant of the unsafe condition of the steps, the defendant in the exercise of ordinary care should have discovered that the steps were unsafe and defective. The plaintiff contends that the defective condition of the steps was a latent one. However, it appears from the allegations of the petition that her injuries were caused by the defective and unsafe construction of the steps, "the steps having been constructed without safe and sufficient bracing, handrailings, and timber." This condition was apparently a patent one. It does not appear from the petition that these steps were built by the landlord, or under his direction; and where a structure is built by a predecessor in title of a landlord, or by some other person not acting under the supervision of the landlord, before the landlord can be held liable for injuries caused by the defective structure, it must appear that he actually knew, or by the exercise of ordinary diligence could and should have known of the improper construction before the tenancy was created; or that he had been notified thereof by the tenant, and had failed, after a reasonable time, to repair and render the defective structure safe; or that he had acquired such knowledge, and had failed, after a reasonable time, to render the structure safe. See *Kimball* v. *Morcock*, 57 *Ga. App.* 750 (196 S. E. 125). Where it appears from the allegations of a petition, brought by a tenant against a landlord for personal injuries alleged to have been caused by the landlord's failure to repair, that the tenant had knowledge of the defective and unsafe condition of the premises, having discussed the unsafe and defective condition with a carpenter sent by the landlord to repair other portions of the rented premises, a gen-

eral demurrer to the petition was properly sustained, although the petition contained allegations that the tenant was without fault, in that she did not know of the defective and unsafe condition of the steps, and in the exercise of ordinary care could not have discovered their unsafe condition. See *Peeler* v. *Smith*, 58 *Ga. App.* 470 (198 S. E. 827) ; *Lee* v. *Malone*, 55 *Ga. App.* 821 (191 S. E. 494). See also *Lawson* v. *Bulcken*, 28 *Ga. App.* 309 (111 S. E. 696), and the Code, §§ 61-111, 61-112.

The court did not err in sustaining the general demurrer, and dismissing the petition.

*Judgment affirmed. Sutton and Felton, JJ., concur.*