## 35895. HARRIS v. EDGE et al.

TOWNSEND, J. 1. When rented premises become out of repair, it is the duty of the landlord to repair the same on notice by the tenant, and where, after such notice and before repairs are made, a tenant is injured by some latent defect which the repairs might have disclosed, but which in the exercise of ordinary care the tenant is not put on notice of, and which is in apparently sound condition, the plaintiff is not thereby precluded from recovery. *Alexander* v. *Owen*, 18 *Ga. App.* 326 (89 S. E. 437); *Shattles* v. *Blanchard*, 87 *Ga. App.* 15 (73 S. E. 2d 112).

2. Where, however, it appears from the facts alleged in a petition by a tenant against a landlord for personal injuries resulting from the defective condition of the premises that the injury resulted to the plaintiff's wife as a result of defects in a part of the premises which she continued to use after knowledge that it was in a weak and unsafe condition, the failure on her part to exercise ordinary care for her own safety by refraining from the use of such portion of the premises and thus avoiding the consequences to herself caused by the defendant's negligence will be held to be the sole proximate cause of the injuries received. Code § 105-603; *Donehoe* v. *Crane*, 141 *Ga.* 224 (80 S. E. 712); *Upchurch* v. *Coggins*, 70 *Ga. App.* 205 (27 S. E. 2d 869); *Kimball* v. *Morcock*, 57 *Ga. App.* 750 (196 S. E. 125); *Lawson* v. *Bulcken*, 28 *Ga. App.* 309 (111 S. E. 696); *Yancey* v. *Peters*, 49 *Ga. App.* 128 (174 S. E. 182); *Bixby* v. *Sinclair Refining Co.*, 74 *Ga. App.* 626 (40 S. E. 2d 677); *Chamberlain* v. *Nash*, 54 *Ga. App.* 508 (188 S. E. 276).

3. Accordingly, where, as here, the plaintiff's petition alleges that he is the defendant's tenant; that a flight of 8 wooden steps connects the back porch with the ground level; that "the steps and the timbers they were nailed to became defective during December, 1952, in that they became weak and insecure because of decay and deterioration through exposure to the elements; that his wife notified defendant's agents of said decayed and defective condition of said steps on or about the 25th day of April, 1953" and that "plaintiff shows that on the 29th day of May, 1953, while his wife was attempting to descend from the porch to the ground on these steps, that as she stepped upon the second step from the top said step broke and flew out from under her; that she fell and was thrown violently backward onto said steps because of the aforesaid defective condition of said steps," it appears from the petition, construed against the pleader, that her fall resulted from the defective

828

condition of the steps of which she was aware and as to which she had notified the defendant that they were in a "decayed and defective condition." The plaintiff's wife being guilty of lack of ordinary care for her own safety after the condition of the steps became apparent to her, the trial court did not err in sustaining a general demurrer on this ground and in dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 20, 1955.

*E. G. Kimsey, Jr., J. Walter Owens,* for plaintiff in error.
*Swift, Pease, Davidson & Chapman,* contra.