36060. YOUNGBLOOD *v.* HENRY C. BECK COMPANY.

DECIDED MARCH 1, 1956.

Barrett & Hayes, Wesley R. Asinof, for plaintiff in error.

Lokey & Bowden, contra.

GARDNER, P. J. Counsel for the plaintiff argues that the trial judge, in sustaining the general demurrer to the petition, *apparently* assumed that the plaintiff's cause of action was predicated upon the fellow-servant rule. The judge's order sustaining the demurrer reads: "This case coming on for hearing before me on demurrer, after hearing argument the general demurrer of the defendant is sustained and the plaintiff's petition is hereby dismissed for failure to state a cause of action in favor of the plaintiff and against the defendant. The special demurrers are not passed on." We find no place where it is contended that the plaintiff's son was a fellow servant of the operator of the hoist, an employee of the defendant. Therefore, *Standard Cotton Mills* v. *Collum*, 6 *Ga. App.* 426 (65 S. E. 195) is not authority for a reversal of the instant case. Nor is *Loveless* v. *Standard Gold Mining Co.*, 116 *Ga.* 427 (42 S. E. 741, 59 L. R. A. 596), a fellow-servant case. The same ruling applies to *Southern Bauxite Mining &c. Co.* v. *Fuller*, 116 *Ga.* 695 (43 S. E. 64); *Southern Railway Co.* v. *Diseker*, 13 *Ga. App.* 799 (81 S. E. 269) and *Doby* v. *W. L. Florence Construction Co.*, 71 *Ga. App.* 888 (32 S. E. 2d 527). We say this because, as stated hereinabove, it is not contended that the plaintiff's son was a fellow servant of the defendant. The proposition of law before the trial court on general demurrer and here on sustaining of the general demurrer concerns one issue only, i.e., whether or not the petition shows upon its face that the petitioner's son failed to exercise ordinary care for his own safety

under the facts alleged. It is elementary that the plaintiff could not recover unless the deceased could have recovered had he been injured only and lived to seek damages for such injuries. See *Berry* v. *Northwestern Railroad,* 72 *Ga.* 137, and *Southland Butane Gas Co.* v. *Blackwell,* 211 *Ga.* 665, 666 (88 S. E. 2d 6). It has been many times held that a mentally responsible person 14 years of age is as responsible as is an adult for his own safety. See *Jordan* v. *Wiggins,* 66 *Ga. App.* 534, 539 (18 S. E. 2d 512) and *Beck* v. *Standard Cotton Mills,* 1 *Ga. App.* 278, 280 (57 S. E. 998). In *Evans* v. *Josephine Mills,* 119 *Ga.* 448, 454 (46 S. E. 674), the Supreme Court said: "The line must be drawn somewhere, and, with variation below that age depending on capacity, the time of responsibility has been absolutely fixed at fourteen." The plaintiff's son was not in the exercise of ordinary care for his own safety in voluntarily riding up the outside of the building on a materials hoist which obviously had no handrails, gates, barriers, sides or safeguards to protect a person from falling therefrom and which the petition alleges was dangerous, unsafe and unfit for anyone to ride on as a passenger. In *Southland Butane Gas Co.* v. *Blackwell,* supra, the Supreme Court said: "Under these sections of the Code it is clear that there can be no recovery of damages where the injured party has failed to use ordinary care to prevent an injury to himself, unless the injury be wilfully and wantonly inflicted upon him. Thus, one is bound at all times to exercise ordinary care for his own safety, even before the negligence of another is or should be apparent, and this duty should not be confused with that other duty imposed by law upon all persons to avoid the negligence of another where the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." The headnote of that case reads: "One who knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, cannot hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence." To the same effect see *City of Columbus* v. *Griggs,* 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. Rep. 257). In *Culbreath* v.

*Kutz Company*, 37 *Ga. App.* 425 (2, 3) (140 S. E. 419) it is held: "2. One who knowingly and voluntarily takes a risk of injury to his person, the danger of which is so obvious that no person of ordinary prudence would subject himself thereto, cannot hold another liable for damages from injuries thus occasioned.

"3. In a suit against the owners and the tenant of a building to recover damages for injuries sustained by the plaintiff, a window washer, in falling to the ground while washing from the outside a window of the fourth story, where it appears from the allegations of the petition that the plaintiff fell because, without testing or examining the strength of the window for that purpose, he voluntarily chose to support himself by holding to parts thereof which were insecure and inadequate for such use, *held*, the petition affirmatively shows such negligence or want of care on the part of the plaintiff as to be a bar to recovery." In *James* v. *Smith*, 92 *Ga. App.* 131 (88 S. E. 2d 179), this court held that if a person was the author of his own misfortune he could not recover. See also *Wilkinson* v. *Rich's, Inc.*, 77 *Ga. App.* 239 (48 S. E. 2d 552); *Johns* v. *Georgia Ry. &c. Co.*, 133 *Ga.* 525 (66 S. E. 269); *Beasley* v. *Elder*, 88 *Ga. App.* 419 (76 S. E. 2d 849); *Briscoe* v. *Southern Ry. Co.*, 103 *Ga.* 224 (28 S. E. 638); *Vaissiere* v. *J. B. Pound Hotel Co.*, 184 *Ga.* 72 (190 S. E. 354); *Mattox* v. *Atlanta Enterprises*, 91 *Ga. App.* 847 (87 S. E. 2d 432); *Sheats* v. *City of Rome*, 92 *Ga.* 535 (17 S. E. 922), and *Harris* v. *Edge*, 92 *Ga. App.* 827 (2) (90 S. E. 2d 47).

It seems to us that the danger incident to the use of the materials hoist as a means of getting to the upper floors of the building under construction was open and obvious. The petition describes in detail the lack of various safety devices which would have prevented a person from falling off the hoist. The petition described it as "dangerous," "unsafe for the transportation of passengers" and unfit for anyone to ride on as a passenger because of the total absence of handrails, barriers, gates or other safeguards. No emergency existed requiring the plaintiff's son to ride on the materials hoist. No one ordered him to ride on it. It is not alleged that the hoist was the only means of getting to the upper floors of the building. In the final analysis it is perfectly clear from the allegations of the petition that the plaintiff's son, with full knowledge of the conditions and in broad day-

456

light, voluntarily assumed the risk incident to riding on the materials hoist, and took the chance of being able to make the ride successfully.

The trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*