30277, 30278. REVELS v. TIFT COUNTY, GEORGIA
et al. (two cases).

JORDAN, Justice.

These appeals are from judgments dismissing the complaints of the appellants.

Mrs. Daisy Lucille Revels sued Tift County, the members of its board of commissioners in their official capacities, and the ordinary of the county, for damages, alleging that she received injuries in falling in the ordinary's office in the courthouse, which injuries were caused by the county's negligent maintenance of the floors in this office. Wallace Revels, her husband, sued for medical expenses and loss of her services arising from the same injuries.

The complaints asserted that Code § 23-1502 violates the Constitution of Georgia, Art. I, Sec. I, Pars. III and IV (Code Ann. §§ 2-103, 2-104); and the United States Constitution, Art. IV, Sec. IV (Code § 1-407), and the Fifth (Code § 1-805), Seventh (Code § 1-807), Ninth (Code § 1-809), and Fourteenth (Code § 1-814) Amendments.

It v.as further asserted that the defendants waived their immunity from suit under Code § 23-1502 by previously compensating a person or persons for comparable injuries on the same county property, and by purchasing insurance for the purpose of compensating persons for such injuries.

The trial judge sustained the defenses that the complaints failed to set forth a claim upon which relief could be granted, and dismissed the actions. Error is enumerated on the dismissal of the complaints, and on the failure to allow the completion of discovery by the appellants.

1. Code § 23-1502 provides: "A county is not liable to

suit for any cause of action unless made so by statute."

This declaration of the sovereign immunity of the county, as a subdivision of the state, has been a part of our statutory law since the Code of 1895 (Political Code, § 341), and the principle had been enunciated by this court prior to that time. See *Millwood v. DeKalb County,* 106 Ga. 743 (32 SE 577) (1899). Until recently, the doctrine of sovereign immunity as applied to the state was by judicial decisions only.

In *Crowder v. Dept. of State Parks,* 228 Ga. 436, 440 (185 SE2d 908) (1971) (with Chief Justice Nichols dissenting), this court held that sovereign immunity as applied to the state does not violate either the State or Federal Constitution.

An amendment to the Constitution was proposed in 1973, and ratified in 1974 (Ga. L. 1973, pp. 1489, 1490; Code Ann. § 2-3710), which authorized the General Assembly to establish a State Court of Claims with jurisdiction over cases involving claims for damages against the state, its agencies, or political subdivisions. (No implementation of this amendment has been made by the General Assembly.) This amendment concludes with the sentence: "Nothing contained herein shall constitute a waiver of the immunity of the State from suit, but such sovereign immunity is expressly reserved except to the extent of any waiver of immunity provided in this Constitution and such waiver or qualification of immunity as is now or may hereafter be provided by act of the General Assembly."

In *Sheley v. Bd. of Public Ed. &c.,* 233 Ga. 487 (212 SE2d 627) (1975), this court reassessed the rule of sovereign immunity in the light of the constitutional amendment above referred to, and held as follows: "The immunity rule now has constitutional status, and solutions to the inequitable problems that it has posed and continues to pose must now be effected by the General Assembly."

There is no merit in the contention of the appellants that Code § 23-1502 violates the State and Federal Constitutions.

2. The constitutional provision that a county is a body corporate (Constitution, Art. XI, Sec. I, Par. I; Code

Ann. § 2-7801), and the statutory provision that a county, as a body corporate, may be sued in any court (Code § 23-1501), do not authorize a suit against a county for damages where the county is not made liable for such damages by the Constitution or by statute. *Millwood v. DeKalb County,* 106 Ga. 743, supra.

3. The compensation of some other person or persons for comparable injuries on the same county property, or the purchase of insurance for such purpose, does not create a cause of action in the plaintiffs. The defendants would not be estopped by such unauthorized waiver of the sovereign immunity of the county. Code § 89-903; *Arnold v. Walton,* 205 Ga. 606 (54 SE2d 424) (1949); *Lowndes County v. Dasher,* 229 Ga. 289 (1) (191 SE2d 82) (1972); *Henderson v. Carter,* 229 Ga. 876 (3) (195 SE2d 4) (1972); *Winston v. City of Austell,* 123 Ga. App. 183 (2) (179 SE2d 665) (1971).

4. Code Ann. § 56-2437 (Ga. L. 1960, pp. 289, 673) authorizes a county to secure insurance to cover liability for damages on account of bodily injury or damage to property by reason of motor vehicles owned, maintained, operated, or used by the county, and suspends governmental immunity from actions for damages within the limits of such insurance. The procurement of insurance under this statute does not constitute a waiver of sovereign immunity in regard to damages caused by the county's negligence not connected with motor vehicles. *Winston v. City of Austell,* 123 Ga. App. 183 (3), supra.

5. The General Assembly has not made counties liable to suit on account of injuries sustained by persons falling on courthouse property, and the complaints failed to state a claim on which relief could be granted. The trial judge did not err in dismissing the actions.

6. No discovery from the defendants could aid the complaints of the appellants, and it is unnecessary to consider the enumerated errors pertaining to the alleged denial of the right of discovery.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who dissents.*

Submitted September 4, 1975 — Decided October 1, 1975.

*Elsie H. Griner, William Waugh Turner, III,* for appellants.

*Perry, Walters, Lippitt & Custer, Jesse Walters,* for appellees.