## 40306. WILMOTH v. HENRY COUNTY.

CLARKE, Justice.

This is a personal liability case involving the sovereign immunity of a county for injuries sustained by a juror in the courthouse and an interpretation of Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution (Code Ann. § 2-209). The trial court ruled the action was barred by sovereign immunity and we affirm.

Ms. Wilmoth sustained injuries in a fall in the Henry County Courthouse while serving as a juror on February 18, 1982. She filed suit on December 27, 1982, alleging the cause of her injuries was the negligent maintenance of the premises by the county. Henry County had a liability insurance policy at the time of the incident. The county answered raising the defense of sovereign immunity and the trial court granted the county's motion to dismiss.

1. The facts of this case are the same as in *Revels v. Tift County,* 235 Ga. 333 (219 SE2d 445 (1975). We held the action was barred by immunity and that the affording of this defense to counties did not violate either the state or federal constitution. See also *Williams v. Ga. Power Co.,* 233 Ga. 517 (212 SE2d 348 (1975), holding no due process violation and *Nelson v. Spalding County,* 249 Ga. 334 (290 SE2d 915) (1982).

Appellant contends that *Revels* is not applicable because she was on the premises as a juror compelled under court process to be on the premises. She argues that to deny her damages violates Art. I, Sec. III, Par. I of the state constitution (Code Ann. § 2-301) which prohibits the taking or damaging of private property for a public purpose without just and adequate compensation first being paid. She contends that the injury to her person is a taking of private property arising out of her presence on jury duty, a public purpose.

Appellant relies on the principle that a county is liable in a suit for damage to private property caused by public improvements under Art. I, Sec. III, Par. I (Code Ann. § 2-301) of our constitution. *Fulton County v. Baranan,* 240 Ga. 837 (242 SE2d 617) (1978). The damage recoverable in such actions is the decrease in market value and is governed by rules for damages in a condemnation action. *Baranan,* supra. The general rule is that this principle is not applicable to actions for personal injury damages and that the principle, which is based upon the eminent domain powers of the sovereign, does not contemplate the "taking" of a human being. 2 ALR2d 677, Sec. 7. The right of eminent domain is an inherent right authorizing the state to take private property for a public use. *Young v. Harrison,* 6 Ga. 130 (1849). In ruling such eminent domain claims inapplicable in personal injury actions, it has been reasoned that the state may not

authorize its agents to cause physical injury to any person for public purposes. See Gotcher v. State, 106 SW 1104 (Tex. Civ. App. 1937).

Weiner v. Fulton County, 113 Ga. App. 343 (148 SE2d 143) (1966), states that a right to practice the profession of law and to be compensated is a "private property" right subject to being "taken." However, the court did not reach the issue of whether a county would be subject to suit under this theory. Born v. Fulton County, 51 Ga. App. 537 (181 SE 106 (1935), held that a county was not subject to suit under Art. I, Sec. III, Par. I (Code Ann. § 2-301) for loss of services based upon personal injury.

We hold that a county may not be sued under the theory of eminent domain in a tort action for personal injury where the county would otherwise be authorized to assert its civil immunity.

2. The constitutional provision in Art. I, Sec. II, Par. IX (Code Ann. § 2-209) became effective January 1, 1983. It provides for the waiver of immunity of the state, its departments and agencies, in instances where liability insurance has been obtained to the extent of the liability insurance. At the time this cause of action arose Henry County had a liability insurance policy. However, when the cause of action arose in 1982 the county had immunity in this type of case. Appellant argues that the amendment should be construed to apply retroactively. In construction cases this court will not give retroactive interpretation unless the language in the enactment itself mandates retroactive application. J. Scott Rentals v. Bryant, 239 Ga. 585 (238 SE2d 385) (1977). Art. I, Sec. II, Par. IX (Code Ann. § 2-209) as approved and ratified by the voters contains no language expressing the intent for retroactive application. We hold that the waiver provisions are prospective from the effective date of the amendment.

There is no constitutional bar to the immunity defense raised by Henry County and the complaint was therefore properly dismissed.

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Smith, J., who dissent.*

DECIDED NOVEMBER 29, 1983.

*Hodges & Hodges, Carl H. Hodges,* for appellant.
*Drew, Eckl & Farnham, Theodore Freeman, G. Randall Moody,* for appellee.

HILL, Chief Justice, dissenting.

I dissent for the reasons stated in my dissenting opinion in *Miree v. United States,* 242 Ga. 126, 137 at 139 (249 SE2d 573) (1978).