68299. HILL et al. v. McCLURE et al.

SOGNIER, Judge.

John and Betty Hill brought this action against Kathy McClure and members of the Cobb County Board of Education for the wrongful death of their fourteen-year-old daughter, Regina Hill. The trial court granted the motions for summary judgment made by McClure and the Board members. The Hills appeal.

Regina Hill was struck and killed by a passing automobile at about 8:23 a.m. on March 23, 1982 as she attempted to cross a busy Cobb County highway to reach a school bus stop on the opposite side of the highway. The accident occurred approximately 10 to 15 minutes before the school bus, driven by appellee McClure, was scheduled to arrive at that bus stop.

1. Appellants contend that the trial court erred by granting summary judgment to appellee Board members on their sovereign immunity defense. Appellants argue that the sovereign immunity defense raised by appellee Board members was waived by a constitutional amendment, Art. I, Sec. II, Par. IX, to the extent of the liability insurance issued to the Cobb County Board of Education. The constitutional provision in Art. I, Sec. II, Par. IX became effective January 1, 1983, and has been construed by our Supreme Court not to apply retroactively. *Wilmoth v. Henry County*, 251 Ga. 643, 644 (2) (309 SE2d 126) (1983). Since the fatal accident here occurred prior to the effective date of Art. I, Sec. II, Par. IX, we find no merit in appellants' argument that appellee Board members' defense of sovereign immunity was waived by that constitutional provision. *Wilmoth*, supra. The trial court properly granted appellee Board members' motion for summary judgment.

2. The resolution of the enumeration of error in Division 1 renders it unnecessary for us to address appellants' enumeration of error as to the alleged negligence of appellee Board members.

3. Appellants contend that the trial court erred by granting summary judgment to appellee McClure in that questions of fact remain as to McClure's alleged negligence. Pretermitting the question whether the suit against McClure was barred by sovereign immunity, we find that summary judgment was properly granted to McClure on the issue of negligence. On motion for summary judgment, the movant has the burden of negating at least one of the essential elements of the opponent's case and of establishing that no genuine issues of material fact remain. *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d

38) (1983). In order to maintain an action based on negligence, the following elements must be pleaded and proved: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. *Campbell v. Southern Bell Tel. &c. Co.*, 161 Ga. App. 589, 590 (288 SE2d 919) (1982).

As the basis for the legal duty here, appellants point to a Cobb County Board of Education bus conduct regulation which provides "[w]hen crossing a street is necessary, students will cross immediately in front of the bus in full view of the driver." Even should we assume, arguendo, that appellants correctly interpreted the regulation so that it placed a legal duty on appellee McClure which she breached by failing to warn students about crossing streets *prior* to the arrival of the school bus in the morning, no questions of fact remain on the issue that no legally attributable causal connection existed between appellee McClure's alleged conduct and the fatal accident. The deceased in this case was fourteen years of age, suffering from no alleged disabilities, and therefore presumed capable of exercising ordinary care for her own safety. *Youngblood v. Henry C. Beck Co.*, 93 Ga. App. 451, 454 (91 SE2d 796) (1956). It is uncontroverted that at the time of the fatality, the bus driven by appellee McClure was not at the scene nor was it scheduled to arrive there until 10 to 15 minutes after the accident. Appellants presented no evidence to rebut appellee McClure's prima facie case that Regina Hill's death was directly caused by her failure to exercise the degree of care expected of a person of her age when crossing a busy road. See *Jordan v. Wiggins*, 66 Ga. App. 534, 540 (1) (18 SE2d 512) (1942); *Greeson v. Davis*, 62 Ga. App. 667 (9 SE2d 690) (1940). See generally *Bourn v. Herring*, 225 Ga. 67, 69 (2) (166 SE2d 89) (1969); *Youngblood*, supra.

Appellants having failed to carry their burden of proof, the trial court properly granted appellee McClure's motion for summary judgment.

*Judgment affirmed. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED JUNE 21, 1984 —
REHEARING DENIED JULY 11, 1984 —

*G. Thomas Davis, William T. Pickren, Virginia R. Harper,* for appellants.

*Lynn A. Downey, Steven J. Misner, Alan F. Herman, John D. Jones*, for appellees.