**Ann BLISS**

v.

**COBB COUNTY.**

**Civ. No. C–84–170–A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 7, 1984.

Gregory T. Jones, James M. Anderson, III, Atlanta, Ga., for plaintiff.

Theodore Freeman, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

Presently pending is the motion of defendant Cobb County for summary judgment. The facts are not disputed. Plaintiff, a citizen of Ohio, was walking along the northern side of Windy Hill Road in Cobb County, Georgia, on March 29, 1983. She stepped on a manhole cover, which tilted up. Plaintiff fell into the manhole, sustaining injuries. At the time of the incident, defendant Cobb County owned and maintained the manhole cover, and attendant storm sewer. Additionally, defendant had a policy of general liability insurance in effect on March 29, 1983.

Plaintiff brought this diversity action claiming that defendant was negligent in the construction and maintenance of the manhole, which proximately caused her injuries. Defendant's motion is based on its claim of sovereign immunity. Upon review, the court grants defendant's motion for summary judgment.

The sole issue in the instant action is whether the 1983 Georgia Constitution provides for waiver of sovereign immunity for counties to the extent of liability insurance coverage. To fully analyze and understand this issue, a discussion of sovereign immunity's history in Georgia is necessary. The state itself possessed sovereign immunity at common law. *Revels v. Tift County*, 235 Ga. 333, 219 S.E.2d 445 (1975). In 1974, an amendment to the Georgia Constitution provided for a "State Court of Claims with jurisdiction to try and dispose of cases involving claims for injury and damage ... against the State of Georgia, its agencies or political subdivision ...." Ga. Const.Art. VI, § V, ¶ I (1976). The amendment also stated that it did not "constitute a waiver of the immunity of the State ... but such sovereign immunity is

expressly reserved" except as set forth in the Constitution or by the General Assembly. *Id.* Georgia courts interpreted this provision to elevate sovereign immunity to constitutional status. *See, e.g., Revels v. Tift County,* 235 Ga. 333, 219 S.E.2d 445 (1975). Thus only the legislature, and not the courts, could erode sovereign immunity.

Sovereign immunity covered counties pursuant to Ga.Code Ann. § 23–1502 (Harrison 1971) (now codified as O.C.G.A. § 36–1–4), since 1895. *Revels,* 235 Ga. at 334, 219 S.E.2d at 446. Article VI, § V, ¶ I was held to elevate a county's claim of sovereign immunity to a constitutional level as well, even though the amendment stated that it did not constitute a waiver of a "state" claim of immunity. *Nelson v. Spalding County,* 249 Ga. 334, 290 S.E.2d 915 (1982). This interpretation is supported by the amendment's language authorizing a court of claims for the state *and* its political subdivisions.

Prior to the 1983 Constitution, sovereign immunity clearly protected a county except where the Code or the Constitution expressly provided for waiver. *See e.g.,* Art. I, § III, ¶ I (no immunity for the taking of property), O.C.G.A. § 33–24–51 (liability insurance for motor vehicles constitutes waiver). The 1983 Constitution provides that "sovereign immunity extends to the state and all of its departments and agencies." It can be waived for contractor actions and for damage actions "for any claim against the state or any of its departments and agencies for which liability insurance protection ... has been provided but only to the extent of any ... insurance provided." Ga. Const. Art. I, § II, ¶ IX (1983). Sovereign immunity "of the state or any of its departments and agencies may ... be waived further by Act of the General Assembly which specifically provides that ... immunity is hereby waived and the extent of the waiver." *Id.* Another provision of the new Constitution, found in the article on local government, provides that "[t]he General Assembly may waive the immunity of counties, municipalities, and school districts by law." Art. IX, § II, ¶ IX (1983) (the Immunity Provision).

Plaintiff contends that Art. I, § II, ¶ IX (the Waiver Provision) applies to counties; defendant argues that it does not. It's language is "the state and any of its departments and agencies." Although this language is clear, the court has examined definitions of departments and agencies found in the Georgia Code to interpret these provisions; the Constitution does not define them. A review of the definitional provisions in the statutes indicates that "department" and "agency" does not include "county." Section 50–4–1, the definitions section of the title on state government, states that

[u]nless otherwise required by context, as used in this Code when related to the executive branch of state government, the term: ... (2) "Agency" means any officer, department, division, bureau, board, commission, or agency in the executive branch of the state government ... (4) "Department" means a principal, functional, and administrative entity and its divisions within the executive branch of the state government.

O.C.G.A. § 50–4–1. Statutory provisions define agency and department, and county differently. *See e.g.,* O.C.G.A. § 50–5–143 (*political subdivisions* defined as county, municipal corporation, or board of education); *id.* § 50–13–2 (in that chapter agency is each state board, bureau, committee, department, activity or official authorized by law to make rules or decide cases, with exceptions); *id.* (agency, as used only in that chapter, defined as *inter alia* departments, bureaus, boards, of the state, county, *et al.*) The court thus will not interpret "departments and agencies" differently than the legislature's definitions, which comport with the Waiver Provision's plain meaning.

Although the language of the Waiver Provision demonstrates clearly that it does not apply to counties, the court also has reviewed other statutory provisions dealing with immunity *See Undercofler v. L.C. Robinson & Sons, Inc.,* 111 Ga.App. 411,

141 S.E.2d 847, *aff'd,* 221 Ga. 391, 144 S.E.2d 755 (1965). Most of these provisions show that "department and agency" and "county" often are treated differently regarding immunity. Some of these provisions include O.C.G.A. § 36-1-4 ("a county is not liable to suit ... unless made so by statute.") (formerly Ga.Code Ann. § 23-1502); O.C.G.A. § 36-33-1 (municipal corporation liable for official's acts in certain circumstances); *id.* 32-2-5 (actions by or against Georgia DOT authorized; does not waive immunity); *id.* 45-9-1 (purchase of liability insurance for public officials and employees of any agency, board, bureau, commission, department, or authority of state); *id.* 45-9-5 (the former provision not a waiver of immunity); *id.* 45-9-20 (purchase of liability insurance for members of municipal corporations, counties, and other public bodies); *id.* 45-9-22 (counties, municipal corporations, other public bodies may pay claims); *id.* 45-9-23 (provision not waiver of immunity for county, municipal corporations, other public body, official or member of, or by any other public body, board, agency, or political subdivision of state); *id.* 33-24-51 (authorizing liability insurance purchase regarding motor vehicles by counties, municipal corporations); *id.* 45-9-40 (State Department of Administrative Services authorized to purchase automobile liability insurance for all departments, boards, bureaus, agencies, and instrumentalities of state) (not a waiver of immunity of state or any of its agencies or instrumentalities); *id.* 45-9-60 (indemnification of public officer or official out of funds available to his department or office); *id.* 45-9-62 (former section applies to all state public officials holding statewide office); *id.* 50-21-1 (sovereign immunity waived as to actions regarding contracts entered into by state, departments and agencies of state, and state authorities).

These statutes' separate schemes for state departments and agencies and for counties or local entities indicates that the Waiver Provision could have included the phrases county, political subdivision, or a similar unambiguous term. That the provi-

sion did not mention the latter terms demonstrates lack of intent to include counties.

Finally, the relationship between the Waiver Provision and the Immunity Provision supports the court's interpretation of the immunity issue. The latter specifically refers to counties. Reading the provisions together demonstrates that the Waiver Provision applies to agencies and departments of the state government, and the Immunity Provision concerns counties. A different interpretation would render the latter superfluous, which is contrary to rules of construction. *See Butterworth v. Butterworth,* 227 Ga. 301, 180 S.E.2d 549 (1971). Former Art. VI, § V, ¶ I applied to counties, *Nelson,* 249 Ga. at 335, 290 S.E.2d at 917, but its language stated "political subdivision" which included counties. The court will not interpret the Waiver Provision as applicable to counties, which ignores its plain meaning, and renders unnecessary the Immunity Provision.

Plaintiff cites two recent Georgia cases concerning county immunity. In *Wilmoth v. Henry County,* 251 Ga. 643, 309 S.E.2d 126 (1983), the Georgia Supreme Court held that a personal injury action against the county was barred because the incident occurred prior to the January 1, 1983 effective date of the Waiver Provision. The Georgia Court of Appeals followed *Wilmoth* in *Hill v. McClure,* 171 Ga.App. 588, 320 S.E.2d 562 (1984). In *Hill,* the court held that a wrongful death action against Cobb County Board of Education members was barred because the provision was not in effect when the cause of action accrued. Both cases were decided on the principle that this constitutional provision could not be retroactively applied, and neither stated that the provision applied to counties. Thus, that issue was not before the courts.

This court believes that when confronted with the exact question at issue here, the Georgia courts will look to the plain meaning of the Waiver and Immunity provisions, and hold that the Waiver Provision does not apply to counties. Any problems with sovereign immunity for counties must await the action of the legislature, because

in Georgia only the Constitution or Statute may erase the concept that "the sovereign can do no wrong."

The court grants defendant's motion for summary judgment.